PEOPLE *v.* BEARDEN

1. CRIMINAL LAW—DEFENDANT TESTIFYING—PRIOR CRIMINAL RECORD
—DEFENDANT'S INTRODUCTION.

Prosecutor's asking the defendant when was the last time he was arrested was not error where defense counsel first raised and pursued the line of questioning that led to the defendant's admission of his prior criminal record.

2. CRIMINAL LAW—JUVENILE RECORD—QUESTIONING BY PROSECUTION
—CREDIBILITY OF WITNESS.

Permitting the prosecutor to question his own witness regarding a nonexistent juvenile record in an attempt to re-establish the witness's credibility was error, but not reversible error where the credibility of the witness had already been challenged.

Appeal from Recorder's Court of Detroit, Joseph E. Maher, J. Submitted Division 1 December 15, 1970, at Detroit. (Docket No. 7108.) Decided January 18, 1971. Leave to appeal denied April 20, 1971. 384 Mich 832.

James Bearden was convicted of unarmed robbery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Leonard Meyers,* Assistant Prosecuting Attorney, for the people.

REFERENCES FOR POINTS IN HEADNOTES

[1]  30 Am Jur 2d, Evidence § 1175.
[2]  58 Am Jur, Witnesses § 860 *et seq.*

*Arthur J. Tarnow* (Defenders' Office—Legal Aid and Defender Association of Detroit), for defendant on appeal.

Before: V. J. Brennan, P. J., and J. H. Gillis and Jeannette,* JJ.

J. H. Gillis, J.    Defendant was charged with unarmed robbery, MCLA § 750.530 (Stat Ann 1954 Rev § 28.798) and larceny by trick under $100, MCLA § 750.356 (Stat Ann 1970 Cum Supp § 28-.588).  He appeals the conviction by a jury of unarmed robbery.

At trial, defendant testified in his own behalf. On direct examination he admitted that he had a lengthy criminal record.  He also admitted to attempting to "pull the Murphy  *  *  *  a form of con game" on the day in question.

On cross-examination the following colloquy took place between defendant and the prosecuting attorney:

"*Q.* When was the last time you were arrested?
"*A.* Today.  Last night.
"*Q.* Last night you were arrested?
"*A.* Yes.
"*Q.* For what?
"*A.* For the same thing that I should be arrested on this case for.  The same score.
"*Q.* In other words, that's all right?
"*A.* Larceny by trick."

Defendant now alleges that the prosecutor's introduction of defendant's previous arrest for larceny by trick prejudiced his case in the minds of the jury. We disagree.  We are familiar with the authority the defense cites to support his allegation of error:

---

* Circuit judge, sitting on the Court of Appeals by assignment.

"We now hold that a defendant testifying at his own trial may not be asked if he has been arrested or charged with crime, where the arrest or charge has not resulted in a conviction and where the only purpose of the questions is to impeach the defendant's credibility as a witness." *People* v. *Brocato* (1969), 17 Mich App 277, 302.

However, the prosecutorial abuse that our admonition in *Brocato* was meant to guard against is unlike the case now before this panel.

Unlike *Brocato,* we note that here it was the defense which first raised and pursued the line of questions which produced defendant's admission of his prior criminal record.[1] Defense counsel was an experienced criminal attorney. We view his pursuit of defendant's prior arrest for larceny by trick as a strategical effort to show a similar *modus operandi* for the case then before the court. That the trial tactics of the defense failed, resulting in a conviction of the major offense, is not reason enough for reversal. *McDonald* v. *United States* (CA 9, 1960), 282 F2d 737; *State* v. *Dennis* (1964), 43 NJ 418 (204 A2d 868); *People* v. *Degraffenreid* (1969), 19 Mich App 702, 711. Furthermore, issues which are not preserved below by objection cannot now be heard for the first time. GCR 1963, 516.2; *People* v. *Ray Clifton Smith* (1969), 20 Mich App 243; *People* v. *Jackson* (1969), 17 Mich App 675; *People* v. *Omell* (1968), 15 Mich App 154.

The prosecutor, on re-direct, asked his only witness, a juvenile, whether he had a police record. The response was "No". Defendant's objection is

---

[1] Defense counsel, an experienced criminal attorney, in his opening statement, argued that the proofs in this case would prove, if anything, that the defendant was guilty of larceny by trick and not unarmed robbery. On re-direct, without objecting to the prosecution's questions which are now the basis of this appeal, defense counsel asked further questions in the same vein.

grounded upon the statutory authority prohibiting the introduction of a juvenile record into any criminal action. The statute provides:

"A disposition of any child under this chapter, or any evidence given in such case, shall not in any civil, criminal or any other cause or proceeding whatever in any court, be lawful or proper evidence against such child for any purpose whatever, except in subsequent cases against the same child under this chapter." MCLA § 712A.23 (Stat Ann 1962 Rev § 27.3178[598.23]).

Further, there is only one very limited exception which permits the use of a juvenile record to challenge the credibility of a complaining witness in sexual offenses. *People* v. *Smallwood* (1943), 306 Mich 49.

Our careful examination of the record has satisfied us that although it was error to permit the prosecution to question his witness regarding a nonexistent[2] juvenile record, that error is not reversible where the credibility of the witness had already been challenged. *People* v. *Kregger* (1953), 335 Mich 457; *People* v. *Wolke* (1968), 10 Mich App 582, 588.

Affirmed.

All concurred.

---

[2] The complaining witness's testimony had already been impeached because of glaring discrepancies, which were noted at trial. Our review, *sua sponte,* of the record kept by the youth bureau, pursuant to authority granted by MCLA § 712A.28 (Stat Ann 1962 Rev § 27-.3178[598.28]), has failed to disclose any juvenile police record for the witness in question. Although we do not find the error committed to be reversible, we likewise certainly do not indorse the prosecution's attempts to re-establish his witness's credibility through such devious means.