PEOPLE v COLE

1. CRIMINAL LAW—DEFENDANT TESTIFYING—IMPEACHMENT—PRIOR ARRESTS.

Attempts by a prosecutor to impeach the credibility of a defendant by questioning him about prior arrests which did not result in conviction resulted in reversible error, because inquiry in the examination or cross-examination of any witness may not be made regarding prior arrests or charges against such witness which did not result in conviction; neither may such witness be examined with reference to higher original charges which have not resulted in conviction, whether by plea or trial.

2. CRIMINAL LAW—DEFENDANT TESTIFYING—WITNESSES—IMPEACHMENT—PRIOR ARRESTS—OBJECTION.

Cross-examination of a defendant or any other witness by questioning him about prior arrests which did not result in conviction results in reversible error even in the absence of objection to the examination.

3. CRIMINAL LAW—DEFENDANT TESTIFYING—IMPEACHMENT—PRIOR CONVICTIONS—PRIOR ARRESTS.

A defense counsel's questioning of a defendant on direct examination about past convictions and the fact that defendant was not keeping up with his parole did not open the door for the prosecutor on cross-examination to ask questions about defendant's prior arrests which did not result in conviction in his attempt to impeach the credibility of the defendant.

Appeal from Washtenaw, William F. Ager, Jr., J. Submitted Division 2 October 8, 1973, at Lansing. (Docket No. 14646.) Decided November 28, 1973.

Elroy Cole was convicted of armed robbery. De-

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 29 Am Jur 2d, Evidence § 324.
[3] 21 Am Jur 2d, Criminal Law § 585.

fendant appeals. Reversed and remanded for a new trial.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William F. Delhey,* Prosecuting Attorney, and *John J. Hensel,* Assistant Prosecuting Attorney, for the people.

*Marshall S. Redman,* Assistant State Appellate Defender, for defendant.

Before: T. M. Burns, P. J., and V. J. Brennan and Van Valkenburg,* JJ.

V. J. Brennan, J. Defendant, Elroy Cole, was convicted by a jury in the Washtenaw County Circuit Court of armed robbery (MCLA 750.529; MSA 28.797). Although defendant raises two issues on this appeal, we find it necessary to discuss only the first, since it is dispositive of the case before us.

At trial defendant took the stand to testify in his own behalf. In response to direct inquiries made by his own counsel, defendant testified that several years earlier he had been convicted of the crimes of larceny, felonious assault, and breaking and entering. He also stated that at the time of the alleged offense he had not been complying with the terms of his parole. There was no questioning as to prior arrests, however. On cross-examination, though, the prosecutor, in an attempt to impeach the credibility of defendant, conducted the following line of questioning:[1]

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] An examination of the record in the case at bar reveals that the prosecutor also attempted to impeach the credibility of one of defendant's alibi witnesses by questioning her about prior arrests. This, of course, is not permissible under *People v Falkner,* 389 Mich 682; 209 NW2d 193 (1973), and is to be avoided on retrial.

*"Q. [by the prosecutor]:* How long—when did you go to Washington that time?

*"A.* I'd say about January or February, something like that.

*"Q.* Of what year?

*"A.* '69.

*"Q.* That would be this year? Now, were you arrested in May of 1968 for violation of your parole?

*"A.* May?

*"Q.* Yes.

*"A.* Of 1968, yes, I think so.

*"Q.* And, what was the reason for—what was the charge against you there?

*"A.* In May of 1968?

*"Q.* May of '68, yes.

*"A.* '68, for B & E.

*"Q.* You were arrested in June of '68 for breaking and entering, is that right?

*"A.* That is right.

*"Q.* And, were you arrested for anything else while you were out on parole?

*"A.* Yes, I' was arrested for shoplifting.

*"Q.* Larceny?

*"A.* Yeah."

No convictions resulted from those arrests. Defendant contends that reversible error was committed by the prosecutor when he attempted to impeach the credibility of defendant by questioning him about prior arrests which did not result in conviction. We agree. In *People v Brocato,* 17 Mich App 277; 169 NW2d 483 (1969), this Court held that it was error for a prosecutor to question a defendant about arrests which have not resulted in conviction for the purpose of impeaching the defendant's credibility as a witness.

In the recent Michigan Supreme Court case *People v Falkner,* 389 Mich 682, 695; 209 NW2d 193, 199 (1973), the Court said:

"We hold that in the examination or cross-examination of any witness, no inquiry may be made regarding prior arrests or charges against such witness which did not result in conviction; neither may such witness be examined with reference to higher original charges which have not resulted in conviction, whether by plea or trial."

In *Falkner*, there was, as in the instant case, no objection voiced to the objectionable cross-examination of defendant's alibi witnesses. The holding of *Falkner* requires reversal, even in the absence of objection to the examination, and whether the examination is that of defendant or any other witness.

In the case at bar the prosecutor directly contravened this prohibition. In doing so he interjected reversible error into the entire proceeding. *People v Brocato, supra; People v Peabody,* 37 Mich App 87; 194 NW2d 532 (1971). Defendant's attorney did not, as the prosecution contends, open the door to this line of questioning by his direct examination of defendant. *People v Peabody, supra.* The inquiries made by defendant's counsel related only to past convictions and the fact that defendant was not keeping up with his parole. There were no questions asked by defendant's attorney concerning prior arrests as was the case in *People v Bearden,* 29 Mich App 416; 185 NW2d 438 (1971), *leave denied,* 384 Mich 832 (1971).

It should be pointed out that the prosecution has ready access to all available means of determining whether an arrest has subsequently resulted in conviction. No difficult task or great burden is imposed on the staff or resources of the prosecutor's office by requiring them to take this additional step in their trial preparation. Indeed, when measured against the increased reliability of the

trial process, the task imposed becomes insignificant.

Reversed and remanded for a new trial.

All concurred.