## PEOPLE v MARSHALL

1. WITNESSES—CRIMINAL LAW—EXAMINATION—CROSS-EXAMINATION—
   CREDIBILITY—PRIOR ARRESTS—CONVICTIONS—EVIDENCE—IM-
   PEACHMENT.

   Impeachment of a witness's credibility by evidence of prior felony
   convictions is allowed, but impeachment by evidence of prior
   arrests is not; no inquiry in the examination or cross-examina-
   tion of a witness may be made regarding prior arrests or
   charges against the witness which did not result in conviction;
   neither may such witness be examined with reference to higher
   original charges which have not resulted in conviction, whether
   by plea or trial.

2. WITNESSES—CRIMINAL LAW—CROSS-EXAMINATION—ARRESTS—CON-
   VICTIONS.

   It is error for a prosecutor, when cross-examining a witness about
   his criminal past, to make no attempt to bring out the crimes
   for which a witness has been convicted, but rather to imply
   that the witness has been arrested on occasions other than
   those admitted by him; this error is compounded in final
   argument when the prosecutor implies the witness has
   been arrested countless times.

3. WITNESSES—CRIMINAL LAW—PRIOR ARRESTS—CONVICTIONS—PROSE-
   CUTORS—ACCESS TO RECORDS—TRIAL PREPARATION.

   A prosecutor's reference to prior arrests of a witness, when such
   arrests are not introduced by the defense, results in prejudicial
   and inexcusable error because the prosecutor has ready access
   to all available means of determining whether an arrest has
   subsequently resulted in conviction and it is not a difficult or
   burdensome task for the prosecutor to take this additional step
   in trial preparation.

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 81 Am Jur 2d, Witnesses §§ 569, 570, 587, 588.
   Impeachment of witness by evidence or inquiry as to arrest, accusa-
   tion, or prosecution. 20 ALR2d 1421.

[2, 3] 5 Am Jur 2d, Appeal and Error §§ 783–791, 797–799.

Appeal from Oakland, William R. Beasley, J. Submitted November 8, 1976, at Lansing. (Docket No. 26157.) Decided December 10, 1976.

Elbert Marshall was convicted of armed robbery. Defendant appeals. Reversed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief Appellate Counsel and *Thomas E. Keenan,* Assistant Prosecuting Attorney, for the people.

*Hooe, Milton & Posey,* for defendant.

Before: BASHARA, P. J., and M. F. CAVANAGH and D. C. RILEY, JJ.

PER CURIAM. On July 24, 1975, defendant Elbert Marshall was found guilty by a jury of the crime of armed robbery, MCLA 750.529; MSA 28.797. On September 9, 1975, the defendant was sentenced to a prison term of 5 to 15 years. He appeals his conviction as of right.

Defendant relied on the trial testimony of Reginald Oldham to corroborate his alibi that he had been moving furniture on the date in question. During direct examination, defense counsel brought out the fact that Mr. Oldham had been previously convicted:

"*Q.* Have you ever been arrested and convicted of a crime?

"*A.* Yes, I have.

"*Q.* When and of what?

"*A.* I got into a heated argument in, I think, around '70 in Detroit and there was a gun involved and the other fellow was shot.

"*Q.* That was in 1970?

"*A.* In that area, somewhere in there, '72, '71.

"*Q.* Anything else?

"*A.* A fight I had a while back, you know, some years ago."

On cross-examination, the prosecutor had the following exchange with the witness:

"*By Mr. Davey:*

"*Q.* Mr. Oldham, I believe brother counsel asked you if you had been arrested on any other occasions and you said that you were in Detroit.

"*A.* Excuse me, I'm sorry?

"*Q.* In Detroit you said that you were, you shot someone?

"*A.* Yes, I did.

"*Q.* How about after that, have you ever been arrested after that?

"*Mr. Nida:* Objection.

"*A.* Yes, I have been arrested.

"*The Court:* I will let the answer stand.

"*Q. (By Mr. Davey, continuing):* I believe it was your answer also that on other occasions for fights, isn't that correct?

"*A.* No.

"*Q.* No?

"*A.* No, it's not.

"*Q.* What were they for?

"*A.* It was one occasion for a fight and I believe he asked me was I convicted of it.

"*Q.* Oh, is that what he asked you, convicted?

"*A.* Yes.

"*Q.* In other words, you differentiate between the time of arrest and then convictions, is that correct?

"*A.* I don't understand you.

"*Q.* In other words, you were answering not the arrest but just the convictions, is that what your answers were pertaining to?

"*A.* Yes."

On appeal, defendant claims that the prosecutor's cross-examination impermissibly impeached the witness by referring to prior arrests which did not result in convictions. We agree.

Although the common law and MCLA 600.2159; MSA 27A.2159 allow impeachment of a witness's credibility by evidence of prior felony convictions, Michigan law does not permit impeachment by evidence of prior arrests. The Michigan Supreme Court laid down a clear rule in *People v Falkner,* 389 Mich 682, 695; 209 NW2d 193, 199 (1973):

"We hold that in the examination or cross-examination of any witness no inquiry may be made regarding prior arrests or charges against such witness which did not result in conviction; neither may such witness be examined with reference to higher original charges which have not resulted in conviction, whether by plea or trial."

The passages quoted from the trial transcript reveal that the prosecutor sought to impeach witness Oldham by reference to prior arrests. While it is true that the reference to the witness's prior convictions was first brought out by defense counsel on direct examination, the prosecutor did not attempt on cross-examination to bring out the crimes for which the witness had been convicted; rather, he implied that the witness had been arrested on occasions other than those admitted. The prosecutor compounded the error by implying at final argument that the witness had been arrested countless times:

"(By Mr. Davey) Then we have the testimony of Mr. Reginald Oldham. Mr. Oldham was the gentleman who started out by telling us that, oh, yeah, he was with him all this time, with him the night before, including the morning and all during the day, and it was his

testimony that, well, have you ever been convicted, arrested and convicted. Oh, yeah, back in '70 I shot a guy, got in some fights, been in jail, then he started to differentiate between the times he was convicted versus the times he was arrested, and I just lost count of them, to be honest with you."

As this is not a case in which the defendant introduced the reference to the witness's prior arrests, *People v Buero,* 59 Mich App 670; 229 NW2d 880 (1975), and *People v Bearden,* 29 Mich App 416; 185 NW2d 438 (1971), *lv den,* 384 Mich 832 (1971), do not apply. The error was prejudicial and inexcusable. As we noted in *People v Cole,* 50 Mich App 563, 566–567; 213 NW2d 814, 816 (1973):

" * * * [T]he prosecution has ready access to all available means of determining whether an arrest has subsequently resulted in conviction. No difficult task or great burden is imposed on the staff or resources of the prosecutor's office by requiring them to take this additional step in their trial preparation. Indeed, when measured against the increased reliability of the trial process, the task imposed becomes insignificant."

We find no merit in the remaining claims of error. Reversed.