## PEOPLE v CHAMPION

Docket No. 65075. Decided July 13, 1981. On application by the defendant for leave to appeal the Supreme Court, in lieu of granting leave to appeal, reversed the defendant's conviction and remanded the case for a new trial.

Christopher L. Champion was convicted by a jury in Kalamazoo Circuit Court, Patrick H. McCauley, J., of second-degree murder. The defendant called two witnesses who testified that the defendant had a good reputation for being truthful, peaceful, and law-abiding. The prosecutor did not cross-examine the defendant's witnesses about any specific acts of misconduct of the defendant but called another witness to rebut the testimony of the character witnesses. The trial court, over defense counsel's objection, allowed the prosecutor to elicit testimony from the rebuttal witness that the defendant had used, possessed, and sold controlled substances. The Court of Appeals, Danhof, C.J., and R. B. Burns and MacKenzie, JJ., affirmed (Docket No. 43108). Defendant applies for leave to appeal.

In a unanimous opinion, the Supreme Court held:

As a general rule, evidence of good character may only be rebutted by evidence that it is bad. Specific acts of misconduct may not be shown for that purpose. The prosecutor may cross-examine the defendant's witness to test his knowledge and candor, and for that purpose he may be asked if he has heard of specific acts of misconduct. The prosecutor's rebuttal witnesses may testify only as to reputation, however. In this case, the prosecutor reversed the procedure permitted by the Michigan Rules of Evidence by inquiring into specific instances of conduct in examination of a rebuttal witness.

Reversed and remanded to the Kalamazoo Circuit Court for a new trial.

97 Mich App 25; 293 NW2d 715 (1980) reversed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James J. Gregart,*

Prosecuting Attorney, and *Stephen M. Wheeler,* Principal Appellate Attorney, for the people.

*Carl Ziemba* for defendant.

PER CURIAM. The defendant placed before the jury his reputation for being truthful, peaceful and law-abiding. He challenges the prosecutor's introduction in rebuttal of evidence of specific acts of misconduct. We agree with the defendant and reverse his conviction.

## I

The facts underlying this prosecution were well-stated by the Court of Appeals. 97 Mich App 25, 27-28; 293 NW2d 715 (1980).

The defendant called Merritt W. Tumanis and Walter Raymond to testify as character witnesses. Mr. Tumanis testified that he had known the defendant for about a year and a half and that the defendant had a good reputation in the community for truthfulness and veracity and for being a peaceful and law-abiding citizen. Mr. Raymond testified that he had known the defendant all his life and that the defendant had a good reputation for being truthful, peaceful and law-abiding.

On cross-examination of these character witnesses, the prosecutor did not inquire about any specific acts of misconduct. The prosecutor did call Larry Martin to rebut the testimony of these character witnesses. Defense counsel objected, and the prosecutor responded:

"the door has been opened, they elicited testimony that this defendant is a law-abiding citizen, at this point I believe I can now inquire into that."

The trial judge overruled the objection:

"Case law in the State of Michigan indicates once a
defendant has placed his character in issue it is proper
for prosecution to introduce evidence that the defen-
dant's character is not as impeccable as it is claimed,
you may ask any questions concerning his reputation as
to peaceful and law-abiding citizen. Limit it to those
issues."

The prosecutor was allowed to elicit testimony
from Mr. Martin to the effect that the defendant
used marijuana and cocaine, sold marijuana, and
had ten pounds of marijuana at his residence on
one occasion.

On appeal, the defendant claimed that it was
reversible error for the trial judge to let the prose-
cutor impeach the character witnesses with Larry
Martin's rebuttal testimony. The Court of Appeals
rejected his argument:

"Under MRE 405(a), the people are allowed to inquire
with specific instances of conduct on cross-examination
where defendant offered testimony as to reputation." 97
Mich App 32.

## II

MRE 405(a) provides:

"*Reputation.* In all cases in which evidence of charac-
ter or a trait of character of a person is admissible,
proof may be made by testimony as to reputation. On
cross-examination, inquiry is allowable into reports of
relevant specific instances of conduct."

The rule codifies Michigan's common law:

"As a general rule, evidence of good character may only be rebutted by evidence that it is bad. Specific acts of misconduct may not be shown for that purpose." *People v Powell,* 223 Mich 633, 640; 194 NW 502 (1923).

The prosecutor may *cross-examine* the defendant's witness "to test his knowledge and candor * * *, and for that purpose he may be asked if he has heard of specific acts of misconduct". *People v Rosa,* 268 Mich 462, 465; 256 NW 483 (1934). The prosecutor's rebuttal witness may testify only as to reputation, however. In this case, the prosecutor reversed the procedure permitted under MRE 405(a) by inquiring into specific instances of conduct[1] in examination of a rebuttal witness.

In lieu of granting leave to appeal, under GCR 1963, 853.2(4), we reverse the judgments of the Court of Appeals and the circuit court and remand the case to the Kalamazoo Circuit Court for a new trial.

COLEMAN, C.J., and KAVANAGH, WILLIAMS, LEVIN, FITZGERALD, RYAN, and BLAIR MOODY, JR., JJ., concurred.

---

[1] We recognize the additional qualifier "relevant" in the rule, but we are not asked to address and therefore do not decide the relevance of the specific instances of conduct inquired into in this case.