PEOPLE v MYSHOCK

Docket No. 55868. Submitted January 13, 1982, at Detroit.—Decided May 4, 1982.

Defendant, Thomas P. Myshock, was convicted of armed robbery and felony-firearm in the Tuscola Circuit Court, Patrick R. Joslyn, J. Defendant appealed, alleging that the police lacked probable cause to arrest him and that the court erred in admitting a pistol found in his open suitcase left at the residence of a friend. *Held:*

1. The police had probable cause to arrest defendant. The police have probable cause to arrest a suspect for robbery where the suspect matches the superficial description of the robber, the suspect's car had been seen in the vicinity of the robbery approximately ten minutes before the robbery, and the suspect had a criminal record of two prior robbery convictions.

2. The police were properly on the premises where the gun was found and it was in plain view. The plain view doctrine requires: 1) prior justification for the intrusion, 2) obviously incriminating evidence or contraband, and 3) inadvertent discovery. Discovery is inadvertent so long as the police lacked probable cause to believe the evidence would be found. The conditions of the plain view doctrine were met and the pistol was properly admitted.

Affirmed.

1. Arrest — Probable Cause.

The police have probable cause to arrest a suspect for robbery where the suspect matches the superficial description of the robber, the suspect's car had been seen in the vicinity of the robbery approximately ten minutes before the robbery, and the suspect had a criminal record of two prior robbery convictions.

References for Points in Headnotes
[1] 5 Am Jur 2d, Arrest §§ 44, 45, 48.
What constitutes probable cause for arrest. 28 L Ed 2d 978.
[2] 68 Am Jur 2d, Searches and Seizures §§ 23, 88.
Search and seizure: observation of objects in "plain view." 29 L Ed 2d 1067.

2. SEARCHES AND SEIZURES — PLAIN VIEW.

> Where the police justifiably intrude into an area in which a person has a reasonable expectation of privacy and observe evidence or contraband, they may seize it without a warrant when the conditions of the plain view doctrine are met; the plain view doctrine requires: 1) prior justification for the intrusion, 2) obviously incriminating evidence or contraband, and 3) inadvertent discovery; discovery is inadvertent so long as the police lacked probable cause to believe the evidence would be found.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Artis M. Noel,* Prosecuting Attorney, and *Leonard J. Malinowski,* Assistant Attorney General, Prosecuting Attorneys Appellate Service, for the people.

*Clinton C. House,* for defendant.

Before: CYNAR, P.J., and M. J. KELLY and D. C. RILEY, JJ.

CYNAR, P.J. On July 25, 1980, defendant was convicted by a Tuscola County Circuit Court jury of armed robbery in violation of MCL 750.529; MSA 28.797, and the use of a firearm in the commission of a felony in violation of MCL 750.227b; MSA 28.424(2). Defendant was sentenced to 20 to 40 years for the ̄armed robbery and a consecutive 2-year term for use of the firearm. Defendant appeals as of right.

Defendant was arrested by the police on February 28, 1980. At the time defendant was arrested, the police knew only that defendant matched the superficial description of the robber, that his car had been seen in the vicinity of the robbery approximately ten minutes before the robbery, and that defendant had a criminal record of two prior robbery convictions. While this Court agrees with defendant that these facts present an extremely

close case, we find that probable cause existed to arrest defendant. Because probable cause did exist, we rule that the evidence found on the front seat of defendant's car was properly admitted at trial.

Defendant next argues that the derringer pistol found in his open suitcase which he had left at the residence of a friend should have been suppressed. We disagree. The trial court found the seizure of the gun to be proper, based on the plain view exception to the search warrant requirement. The trial court found the seizure justified due to "exigent circumstances", based on the theory that defendant may have returned to the apartment and removed the gun while the police were obtaining a warrant. The court stated that it would be unreasonable to require one of the officers to guard the evidence while another left the premises to obtain a warrant. Given the fact that defendant had been arrested and was in custody at the time of the discovery of the gun and the resident of the apartment was cooperating fully with the police it is clear that no exigent circumstances were present in the instant case.

We accept the trial court's findings of fact regarding the discovery of the gun. The officer who found it was properly on the premises with the consent of witness Joan Milford, a friend of the defendant. Defendant had left his suitcase in the bathroom. The suitcase was open and the handle of the gun was in plain view, projecting from beneath a sweater in the suitcase. There was, therefore, no unreasonable search.

There remains the problem of whether, under Michigan law, the seizure of the gun was proper. Defendant contends that certain limitations on the "plain view" exception to the warrant requirement mandate suppression of the evidence.

Plain view issues arise in three factually distinct categories.[1] It is necessary to determine which category is applicable to this case prior to starting any analysis. The first category is where the police and the evidence or contraband are both located in a place open to the public. The police may promptly seize the evidence and, in so doing, do not infringe upon anyone's reasonable expectation of privacy.

The second category is when the police, from a justified vantage point, see evidence or contraband which is located in an area into which the police have no independent justification to enter. The officer may not enter and seize the articles merely because they have been seen. The police may enter the protected area if they obtain a search warrant, a valid consent, or if exigent circumstances exist.[2]

The final category, which is applicable in this case, is when the police justifiably intrude into an area where a person has a reasonable expectation of privacy and observe evidence or contraband. They may seize it without a warrant, provided the conditions of the doctrine of plain view, as set forth in *Coolidge v New Hampshire,* 403 US 443, 465; 91 S Ct 2022; 29 L Ed 2d 564 (1971), are met. The plain view doctrine requires: (1) prior justification for intrusion into the otherwise protected area; (2) the evidence is obviously incriminatory or

[1] W. E. Ringel, *Searches and Seizures, Arrests and Confessions,* 1979 Supplement, § 8.2(a), pp 8-7 through 8-9.

[2] Michigan case law seems to suggest that exigent circumstances must always be present to use the plain view doctrine. *People v Johnson,* 104 Mich App 629, 635; 305 NW2d 560 (1981), and cases cited therein. This additional limitation, we contend, is from a misinterpretation of *Coolidge v New Hampshire,* 403 US 443, 466; 91 S Ct 2022; 29 L Ed 2d 564 (1971). The exigent circumstance requirement is combined with the plain view exception only where the police, from a justified vantage point, see evidence in an area where they have no independent justification to enter. Exigent circumstances give to the officers independent justification to enter the area.

contraband; and (3) the discovery of the evidence is inadvertent.

In this case, the police were in Joan Milford's apartment with her consent. The trial court found that the derringer was in open view in the suitcase. The police knew that a derringer had been used in the robbery for which defendant was arrested. Therefore, the derringer in defendant's suitcase was obviously incriminating evidence. The final inquiry is whether or not discovery of the derringer was inadvertent.

Justice Stewart's plurality opinion in *Coolidge* did not define "inadvertent". There exist two theories as to what degree of expectation is required by the police for a discovery to be inadvertent.[3] One theory is that a discovery is inadvertent as long as the officers lacked probable cause to believe the evidence would be found. This narrow theory focuses on whether the police knew in advance the location of the evidence. *United States v Bolts,* 558 F2d 316 (CA 5, 1977). Under this theory, even if the police expected to find the evidence but did not know if it was present, the discovery was inadvertent. *Id.,* 320. The Sixth Circuit in *United States v Hare,* 589 F2d 1291 (CA 6, 1979), using this theory, stated that inadvertent did not mean "unexpected" or "unanticipated".

The alternative theory, the expectation theory, is that if the police expected to find the evidence, the discovery was not inadvertent even if the police expectation is something less than probable cause. *The Supreme Court, 1970 Term,* 85 Harv L Rev 3, 245 (1971).

Michigan has not specifically chosen between

---

[3] Comment, *Criminal Procedure—"Inadvertence": The Increasingly Vestigial Prong of the Plain View Doctrine,* 10 Mem St U L Rev 399 (1980).

these theories. The case law language is often confusing and the focus has rarely been on the inadvertent requirement in Michigan plain view cases.[4] This panel is persuaded by the Sixth Circuit decision in *Hare* and adopts the narrow definition of inadvertent. The *Hare* Court noted that "[t]here are many times when a police officer may 'expect' to find evidence in a particular place, and that expectation may range from a weak hunch to a strong suspicion". *Hare, supra,* 1294. Furthermore, if inadvertent is interpreted to mean "unexpected", absurd and unreasonable results may occur, *id.,* 1295, as in this case where the police had consent to search but would be unable to seize incriminating evidence in open view which they had a hunch might be in the apartment. The Fourth Amendment only prohibits unreasonable searches and seizures. The seizure involved here is not unreasonable.

We find defendant's remaining arguments to be without merit. The log book of witness Tommy Lee Brown, a truck driver, was properly admitted under the business record exception to the hearsay rule. MRE 803(6).

Affirmed.

[4] See dicta in *People v Murphy,* 87 Mich App 461, 465; 274 NW2d 819 (1978).