PEOPLE v CARPENTER

Docket No. 54437. Submitted May 13, 1982, at Detroit.—Decided
October 19, 1982.

Gerald Carpenter was convicted by a jury in Wayne Circuit Court
of four counts of armed robbery and one count of felony-firearm
and was sentenced, Charles S. Farmer, J. Defendant appeals.
*Held:*

1. The trial court did not err in denying defendant's motion
to suppress evidence obtained by police following an entry
made without a warrant of an apartment where defendant was
staying. The police lawfully entered the apartment and inad-
vertently observed the obviously incriminating evidence which
was in plain view.

2. The trial court's decision to admit evidence of defendant's
1976 federal conviction for illegal possession of a firearm was
not so palpably and grossly violative of fact and logic as to
amount to an abuse of discretion. Reversal is not required on
this ground.

3. The trial court erred by allowing the prosecutor to cross-
examine defendant about a prior criminal charge which did not
lead to a conviction. This error was prejudicial and inexcusable.

4. Defendant's remaining claims of error are without merit.

Reversed.

BEASLEY, P.J., dissented. He would affirm defendant's convic-
tion on the ground that the error in allowing the prosecutor to
ask the defendant about a prior criminal charge which did not
lead to a conviction was either not preserved for appellate

REFERENCES FOR POINTS IN HEADNOTES
[1] 68 Am Jur 2d, Searches and Seizures § 41 *et seq.*
[2] 5 Am Jur 2d, Arrest § 44.
  What constitutes probable cause for arrest. 28 L Ed 2d 978.
[3] 29 Am Jur 2d, Evidence §§ 320, 321.
[4] 29 Am Jur 2d, Evidence § 327.
  81 Am Jur 2d, Witnesses § 569.
[5, 6] 81 Am Jur 2d, Witnesses § 571.
[7] 81 Am Jur 2d, Witnesses § 478.
[8] 5 Am Jur 2d, Appeal and Error § 601, 602

review or was of such a trifling nature as to fall within the classification of harmless error.

OPINION OF THE COURT

1. SEARCHES AND SEIZURES — SEARCHES WITHOUT WARRANT — PROBABLE CAUSE.

A search and seizure without a warrant is unreasonable per se unless there exists both probable cause and circumstances establishing one of the exceptions to the warrant requirement.

2. CRIMINAL LAW — PROBABLE CAUSE.

Probable cause for an arrest is any set of facts existing at the moment of arrest which would induce a fair-minded person of average intelligence to believe that the suspect has committed a felony.

3. EVIDENCE — CRIMINAL LAW — PRIOR CONVICTIONS.

The decision to admit evidence of prior convictions rests in the sound discretion of the trial court.

4. APPEAL — CRIMINAL LAW — EVIDENCE — PRIOR CONVICTIONS.

Review of a trial court's determination to admit evidence of prior convictions for impeachment purposes involves two considerations: (1) whether the trial court recognized its discretion to decline to admit the evidence of the convictions, and (2) whether the trial court's decision was so palpably and grossly violative of fact and logic as to amount to an abuse of discretion.

5. EVIDENCE — CRIMINAL LAW — PRIOR CONVICTIONS — IMPEACHMENT.

The factors a trial court must weigh in reaching a conclusion as to whether or not to allow impeachment of a defendant in a criminal case by evidence of prior convictions include: (1) the nature of the prior offense; (2) whether the prior offense was for substantially the same conduct for which defendant is on trial; and (3) the effect on the decisional process if the accused does not testify.

6. EVIDENCE — CRIMINAL LAW — PRIOR CONVICTIONS — IMPEACHMENT.

Similarity between a prior conviction and a charged crime does not, per se, bar the use of evidence of the prior conviction for impeachment purposes.

7. CRIMINAL LAW — WITNESSES — PRIOR ARRESTS — IMPEACHMENT.

A prosecutor's reference to a prior arrest of a witness, when

evidence of such arrest was not introduced by the defense, results in prejudicial and inexcusable error because the prosecutor has ready access to all available means of determining whether an arrest has subsequently resulted in conviction and it is not a difficult or burdensome task for the prosecutor to take this additional step in trial preparation.

DISSENT BY BEASLEY, P.J.

8. TRIAL — IMPROPER QUESTIONING — PRESERVING QUESTION.
   *Any error in asking a question of a witness is ordinarily deemed waived and not preserved for review on appeal where no objection was made to the question.*

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *A. George Best, II,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *John Nussbaumer),* for defendant on appeal.

Before: BEASLEY, P.J., and D. E. HOLBROOK, JR., and D. C. RILEY, JJ.

PER CURIAM. Defendant Gerald Carpenter and codefendant Lloyd George Zimmerman were convicted by a jury of four counts of armed robbery, MCL 750.529; MSA 28.797, and one count of felony-firearm, MCL 750.227b; MSA 28.424(2). Defendant was sentenced to a prison term of from two to ten years on each armed robbery conviction, to be served concurrently, and a mandatory two year prison term on the felony-firearm conviction.

Defendant's conviction arose out of a robbery of four individuals in the early morning hours at an apartment where one of the victims resided. Zimmerman testified that he participated in the robbery but denied possessing a weapon. He also

stated that defendant was not with him during the commission of the crime. This supported defendant's alibi theory that he was not at the scene of the crime but later went with Zimmerman to their apartment, where they were arrested. Zimmerman was renting the apartment where the arrest took place and defendant had been staying there for three or four weeks.

Defendant appeals as of right and presents numerous questions.

# I

*Did the trial court err by refusing to suppress evidence obtained by the police following an entry of defendant's residence without a warrant for the purpose of arresting him?*

Shortly after 1 a.m. on November 20, 1979, Wayne County deputies noted a black Cadillac parked incorrectly in an apartment complex parking lot. Ten minutes later, the deputies answered a radio call which brought them to the victim's apartment to assist in the armed robbery investigation. At that time, the connection was made between the illegally parked black Cadillac and the robbers' automobile. The deputies, along with two plain-clothes officers and two uniformed officers, then went to the apartment of the registered owner of the black Cadillac. The officers, with service revolvers drawn, knocked on the apartment door and announced their presence, stating that they wanted to talk to the owner of the Cadillac. A Detroit police officer testified that defendant opened the door, looked at the police, closed the door, removed the security chain lock, and then opened the door for the police to enter. Zimmerman testified that he opened the door and

that defendant was standing back behind him, away from the door.

Defendant and Zimmerman were arrested and two handguns which were in Zimmerman's bed were seized. A woman, who also occupied the apartment, was also arrested. A television set was seized along with a wrist watch and various denominations of paper money which were lying on the bed. The following day, a search warrant was issued and the police seized five pieces of jewelry, two jackets, and a wallet.

Defense counsel, at trial, sought to suppress all evidence which stemmed from the allegedly unconstitutional entry and seizure. A search and seizure without a warrant is unreasonable per se unless there exists both probable cause and circumstances establishing one of the delineated exceptions to the warrant requirement. *People v Mullaney,* 104 Mich App 787, 792; 306 NW2d 347 (1981).

Probable cause for an arrest has been defined as any set of facts existing at the moment of arrest which would induce a fair-minded person of average intelligence to believe that the suspect has committed a felony. *People v Kyser,* 106 Mich App 216, 218; 307 NW2d 447 (1981); *People v Goode,* 106 Mich App 129, 136; 308 NW2d 448 (1981). Defendant does not challenge the probable cause element but contends that no exception to the warrant requirement exists in this case.

The prosecutor argues that the entry into the apartment was premised on consent and, therefore, the resulting arrests and seizures were proper. There is a conflict in the testimony over whether the defendant or Zimmerman opened the

door. There is no controversy over the fact that four officers, with revolvers drawn, requested admittance and that both defendant and Zimmerman were near the door, within hearing range of the request. The door was cracked open, unchained, and opened completely, apparently without either defendant or Zimmerman saying anything. This Court, from the totality of these circumstances, must determine if the "consent" was truly voluntary. *Schneckloth v Bustamonte,* 412 US 218; 93 S Ct 2041; 36 L Ed 2d 854 (1973).

The act of opening the door by either codefendant, both of whom are competent adults, was a tacit consent to enter the apartment. The defendants unchained the door knowing the police were present. In fact, the defendants were aware that the police were outside the building, prior to the knock on the door, because the officers were throwing stones at windows trying to awaken someone to let them into the building since the outside doors were locked and the building lacked the customary security buzzer system. As a result of the noise they were making, defendant looked out the apartment window and told Zimmerman the police had arrived.

This case, therefore, did not involve an unconstitutional entry. The consent in this case also takes it outside the scope of *Payton v New York,* 445 US 573; 100 S Ct 1371; 63 L Ed 2d 639 (1980). In *Payton,* the Court held that the Fourth Amendment "prohibits the police from making a warrantless and nonconsensual entry into a suspect's home in order to make a routine felony arrest". 445 US 576. The case at bar is also factually distinguishable from *Riddick v New York,* consolidated with *Payton, supra.* In *Riddick,* the suspect's

three-year-old son opened the apartment door after police knocked, apparently without announcing their identity. Mr. Riddick, who could be seen in bed from the doorway, was arrested before he had an opportunity either to object or to consent to the police entering the apartment. Here, the suspects, with advance knowledge of the presence of the police, opened the door.

Defendant's issue goes to the officers' entry and not directly to the seizures. The trial court did not err in denying the motion to suppress the evidence. The police lawfully entered the apartment and inadvertently observed the obviously incriminatory evidence which was in plain view. *People v Myshock*, 116 Mich App 72; 321 NW2d 849 (1982).

## II

*Did the trial court err by denying defendant's motion to suppress evidence of his 1976 federal conviction for illegal possession of a firearm by a prior felony offender?*

The decision to admit evidence of prior convictions rests in the sound discretion of the trial court. *People v Jackson*, 391 Mich 323; 217 NW2d 22 (1974). Review of a trial court's determination to admit evidence of prior convictions for impeachment purposes involves two considerations: (1) whether the trial judge recognized his discretion to decline to admit evidence of the convictions, and (2) whether the trial judge's decision was so palpably and grossly violative of fact and logic as to amount to an abuse of discretion. *People v Worden*, 91 Mich App 666, 674-676; 284 NW2d 159

(1979). The factors which the court must weigh in reaching a conclusion include: (1) the nature of the prior offense, (2) whether it was for substantially the same conduct for which defendant is on trial, and (3) the effect on the decisional process if the accused does not testify. *People v Crawford,* 83 Mich App 35, 39; 268 NW2d 275 (1978).

Defendant claims that, since one of the charges before the jury was the possession of a firearm during the commission of a felony, the court should not have allowed evidence of his federal firearm conviction to be used for impeachment purposes.

The trial court recognized its discretion and realized this case involved the classic credibility contest between defendant and the prosecution's witnesses. Therefore, the court held the probative value of evidence of the firearm conviction outweighed any prejudicial impact. The similarity between the prior conviction and the charged crime does not, per se, bar the use of evidence of the prior conviction for impeachment purposes. *People v Monasterski,* 105 Mich App 645, 655; 307 NW2d 394 (1981). Since the case did involve a credibility contest it was proper for the court to conclude that the probative value outweighed any prejudicial effect. 105 Mich App 655. The reference to defendant's prior conviction totaled less than 1 page out of approximately 1,000 pages of transcript. We cannot conclude that the trial court's decision to allow the evidence was so palpably and grossly violative of fact and logic as to amount to an abuse of discretion and, therefore, require reversal.

### III

*Did the trial court err by allowing the prosecutor
to cross-examine defendant about a prior criminal
charge, other than that ruled admissible by the
court, which did not lead to a conviction?*

The prosecutor, on cross-examination, asked the
defendant if the federal firearm violation was the
result "of a matter" on July 14, 1979. Defendant
answered the inquiry in the negative and ex-
plained that he pled guilty to having a weapon in
the Federal Court Building in Detroit in 1976.
Defendant contends that the prosecutor's question
was an attempt to introduce evidence of a prior
arrest to impeach him.

The Supreme Court said in *People v Falkner,*
389 Mich 682, 695; 209 NW2d 193 (1973), "that in
the examination or cross-examination of any wit-
ness, no inquiry may be made regarding prior
arrests or charges against such witness which did
not result in conviction". The prosecutor here
failed to heed the Court's admonition. As was
stated in *People v Cole,* 50 Mich App 563, 566-567;
213 NW2d 814 (1973):

"It should be pointed out that the prosecution has
ready access to all available means of determining
whether an arrest has subsequently resulted in convic-
tion. No difficult task or great burden is imposed on the
staff or resources of the prosecutor's office by requiring
them to take this additional step in their trial prepara-
tion. Indeed, when measured against the increased
reliability of the trial process, the task imposed becomes
insignificant."

The prosecutor asked if the weapons charge
resulted from a matter on July 14, 1979, in Red-

ford Township. The specific date and place indicates that the prosecutor had investigated the matter. A competent investigation would have established that the Redford Township matter was not the federal firearm charge. The improper interjection of the Redford Township "matter" or arrest cannot be characterized as a harmless slip of the tongue. The error was prejudicial and inexcusable. *People v Marshall,* 73 Mich App 97, 101; 250 NW2d 557 (1976).

We find no merit in the remaining claims of error.

Reversed.

BEASLEY, P.J. *(dissenting).* I respectfully dissent.

I agree that the prosecutor's questioning of the defendant on cross-examination concerning whether the federal firearm violation was the result "of a matter" on July 14, 1979, was an improper, attempted interjection of evidence of a prior arrest into the trial.

If an objection had been made, the trial court would have been obliged to sustain the objection. Ordinarily, where no objection is made, any error in asking a question is deemed waived and not preserved for review on appeal.[1]

The majority would assign error to the asking of the question, even though defense counsel did not object and even though defendant answered the question in the negative. Under these circumstances, I would not be inclined to find that the asking of this question constituted reversible error. Every error, no matter how trifling or how insignificant, is not an occasion for reversal and retrial.

Furthermore, approval by the majority of the

---

[1] *People v Champion,* 97 Mich App 25, 31; 293 NW2d 715 (1980), *rev'd on other grounds* 411 Mich 468; 307 NW2d 681 (1981).

trial court's exercise of discretion in permitting inquiry regarding defendant's 1976 federal guilty plea to illegal possession of a firearm by a prior felony offender would seem to reduce further any possible prejudicial impact of the prosecutor's question.

I conclude that the error in asking this question was either not preserved for review on appeal because of failure to object or was of such a trifling nature as to fall within the classification of harmless error. Thus, I vote to affirm.[2]

---

[2] The jury conviction of codefendant, Lloyd George Zimmerman, was affirmed in an unpublished opinion released November 20, 1981, under Docket No. 52338.