PEOPLE v RANDLE

Docket No. 66949. Submitted January 5, 1984 at Grand Rapids.—
Decided February 24, 1984.

Frank Randle was convicted of felonious assault, Van Buren
Circuit Court, Patrick H. McCauley, J. In a separate trial, the
defendant was convicted of felony-firearm, Meyer Warshawsky,
J. The defendant appealed the conviction for felonious assault
alleging that (1) the trial court erred in denying his motion to
suppress a shotgun and other items found in his vehicle, (2) the
victim's on-the-scene identification of defendant's companion
violated the defendant's constitutional right to counsel, and (3)
the trial court erred in refusing to amend the judgment of
sentence to reflect that his sentence for felonious assault should
run concurrently with the sentence imposed for a prior convic-
tion for arson. *Held:*

1. A trial court's determination on a motion to suppress
evidence should be reversed only if it is clearly erroneous.
Here, there is no basis upon which to conclude that the trial
court clearly erred. The search of defendant's vehicle was based
upon a valid consent even though the officers had drawn their
service revolvers. There is no per se rule that drawn service
revolvers vitiate an otherwise valid consent to search.

2. The defendant did not object at the trial to testimony
concerning the victim's on-the-scene identification of the defen-
dant's companion. Appellate review is precluded absent mani-
fest injustice. Here there is no manifest injustice.

3. The defendant must first serve the sentence for the felony-
firearm conviction and, upon expiration of that sentence, his
sentences for arson and felonious assault should run concur-
rently. This serves to facilitate two important principles of

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error §§ 797, 798.

[2] 68 Am Jur 2d, Search and Seizure § 48.

[3] 5 Am Jur 2d, Appeal and Error §§ 601, 602.
    29 Am Jur 2d, Evidence § 371.
    Admissibility of evidence as to extrajudicial or pretrial identifica-
    tion of accused. 71 ALR2d 449.

[4] 21 Am Jur 2d, Criminal Law §§ 535, 552.

sentencing: (1) the judge who presided over the defendant's trial shall have the discretion and the authority to pass sentence upon that defendant, and (2) concurrent sentences are the norm.

Affirmed but sentenced modified.

1. CRIMINAL LAW — EVIDENCE — SUPPRESSION OF EVIDENCE.

A trial court's determination on a motion to suppress evidence should be reversed on appeal only where it is clearly erroneous.

2. SEARCHES AND SEIZURES — CONSENT — DRAWN SERVICE REVOLVERS.

There is no per se rule that police officers' drawn service revolvers vitiate an otherwise valid consent to search.

3. CRIMINAL LAW — PRETRIAL IDENTIFICATION — APPEAL.

Failure to object to testimony concerning an allegedly suggestive pretrial identification precludes appellate review of the issue absent a showing of manifest injustice.

4. CRIMINAL LAW — SENTENCING.

Important principles of sentencing are: (1) the judge who presided over a defendant's trial should have the discretion and the authority to pass sentence upon that defendant, and (2) concurrent sentences are the norm (MCL 769.1; MSA 28.1072).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Juris Kaps,* Prosecuting Attorney, and *Leonard J. Malinowski,* Assistant Attorney General, for the people.

*Vlachos, Jerkins & Hurley* (by *James E. Vander Roest),* for defendant.

Before: R. B. BURNS, P.J., and V. J. BRENNAN and J. T. KALLMAN,* JJ.

PER CURIAM. Defendant was charged in Van Buren County with felonious assault, MCL 750.82; MSA 28.277, and possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). Defendant's motion for a severance was

---

* Circuit judge, sitting on the Court of Appeals by assignment.

granted, and he was tried by the court on the assault charge. Following this trial, defendant was found to be guilty as charged. In a separate trial, defendant was convicted by a jury on the felony-firearm charge. Defendant was separately sentenced to serve a term of from 32 months to four years imprisonment on the assault charge and a two-year consecutive term of imprisonment for the felony-firearm conviction.

Defendant appeals as of right from his felonious. assault conviction. A separate appeal is being pursued on the felony-firearm conviction.

The complainant testified that around midnight on April 23, 1981, two men attempted to force him into the trunk of a parked automobile. A struggle ensued, and the complainant was struck with a shotgun carried by one of the men. The other man carried a pistol and tried to handcuff the complainant. The complainant broke away, and the pistol was fired twice as he fled.

The Covert Township police were notified of the incident, and the description of the men and their vehicle was broadcast to police officers in the area. Two Michigan state police officers later stopped the vehicle which defendant was driving and satisfied themselves that defendant and his companion matched the description of the persons involved in the Covert Township incident.

After a search of defendant's car, a shotgun was discovered in the trunk. At that point, defendant and his companion were arrested.

The complainant was brought to the scene of the arrest. He identified defendant and his companion. Although he had seen both defendant and his companion on several occasions, he had not been able to identify either at the time of the assault.

Defendant first contends that the trial court

erred in denying his motion to suppress the shotgun and other items found in his vehicle. The trial court found that defendant had consented to the search or, alternatively, that exigent circumstances justified the search.

A trial court's determination on a motion to suppress evidence will only be reversed if it is clearly erroneous. *People v Siegel,* 95 Mich App 594, 602; 291 NW2d 134 (1980), *lv den* 414 Mich 900 (1982).

The testimony given by defendant and the two state troopers involved in the stop and search was consistent in several respects. All agreed that defendant and his companion were ordered out of the car at gunpoint, were spread-eagled against the front of the vehicle, and were patted down for weapons. Trooper Hellenga testified that defendant appeared nervous, but acknowledged that this is a normal reaction for a person with a gun trained on him. Defendant confirmed that he was nervous.

In other crucial respects, the testimony diverged. Trooper Hellenga stated that defendant consented to a search of the vehicle after learning that he was a suspect in a recent kidnapping and assault and after being informed that he had the right to refuse the vehicle search.

Defendant stated that he did not consent to the search. He admitted that when he was asked by the troopers for permission to search the trunk, he told them there was nothing he could do to stop them. He stated that normally he would have insisted on a search warrant, but the troopers' behavior caused him to be concerned that he would be shot if he did not submit to the troopers' request. He further stated that he had independent knowledge of his right to refuse the troopers' request to search.

Defendant contends that the court's finding that there was consent for the search is erroneous because the facts show that any "consent" was the product of a coercive atmosphere intentionally created by the troopers. Defendant specifically points to the fact that, throughout the stop and search, the troopers had their guns drawn.

Defendant relies on *People v Raybon,* 125 Mich App 295; 336 NW2d 782 (1983), in which this Court found that there had not been valid consent to search. There, three police officers with drawn guns opened up the door of the residence in which they believed the suspects were located and asked the owner of the house if they could enter. The owner simply stepped back, and the officers entered the house. This Court found mere acquiescence to authority rather than the consent to search. It is clear, however, that there is no per se rule that drawn service revolvers vitiate an otherwise valid consent to search. In *People v Carpenter,* 120 Mich App 574; 327 NW2d 523 (1982), this Court found a valid consent to search where officers, with drawn service revolvers, announced their presence and their desire to speak to the owner of an illegally parked Cadillac, and defendant opened the door, looked at the police, closed the door, removed the security chain lock, and opened the door for the police to enter. *Cf. People v Sangster,* 123 Mich App 101, 104; 333 NW2d 180 (1983). (Drawing a gun during an investigative stop does not necessarily transform the stop into an arrest.)

Although this case differs from *Carpenter,* in that here defendant was spread-eagled against the front of his car, while in *Carpenter* the defendant was harbored in the safety of his home, we do not find that this difference necessarily vitiated defen-

dant's consent to the search. Other courts have upheld consent for searches on facts similar to those presented here. See *People v Williams,* 114 Cal App 3d 67; 170 Cal Rptr 433 (1981); *United States v Taibe,* 446 F Supp 1142 (ED NY, 1978), *aff'd without opinion* 591 F2d 1333 (CA 2, 1978); *State v Patterson,* 571 P2d 745, 750-751 (Hawaii, 1977). In this case, the trial court resolved the issue of consent against defendant. We find no basis upon which to conclude that the trial court's determination was clearly erroneous in this regard. Since we believe that the search of defendant's vehicle was based on valid consent, we do not address whether the search could also be justified as based upon exigent circumstances.

It is next asserted that the victim's on-the-scene identification of defendant's companion violated defendant's constitutional right to counsel. Defendant did not object to testimony concerning this identification at trial. Therefore, appellate review is precluded absent manifest injustice. *People v McMillen,* 126 Mich App 211, 219; 336 NW2d 895 (1983). We find no manifest injustice, particularly as defendant is attempting to assert the rights of his companion.

Defendant's last claim on appeal is that the trial court erred in refusing to correct the judgment of sentence to reflect that his sentences for arson and felonious assault are to run concurrently. This issue arises because of the highly unusual circumstances by which defendant was separately tried on the felony-firearm and felonious assault charges. Judge Warshawsky, who presided over the felony-firearm trial, sentenced defendant to serve two years imprisonment on the felony-firearm conviction. Because defendant had committed the felony-firearm offense while he was on bond in

a case in which he was convicted of arson, Judge Warshawsky ordered this sentence to be served consecutively to the sentence he had earlier imposed of 18 months to 10 years imprisonment for the arson conviction. See MCL 678.7b; MSA 28.1030(2). Thereafter, Judge McCauley, who presided over the trial on the felonious assault charge, sentenced defendant on the felonious assault conviction. However, he specifically declined to order that the sentence imposed for this conviction run consecutively with the sentence imposed for the arson conviction, stating that he did not have enough information about the arson.

In light of the fact that Judge Warshawsky ordered that the felony-firearm sentence be served consecutively with the sentence for the arson, and because MCL 750.227b(2); MSA 28.424(2)(2) requires the sentence for a felony-firearm conviction to be served "consecutively with and preceding any term of imprisonment imposed" for the underlying felony, defendant became concerned that he would have to serve three consecutive sentences for the convictions for arson, felony-firearm, and felonious assault respectively. Consequently, defendant moved for clarification of his sentence for felonious assault before Judge McCauley. Judge McCauley concluded that Judge Warshawsky's decision to make the felony-firearm sentence consecutive to the arson bound him and necessarily made all three sentences consecutive. Consequently, he declined to give defendant any relief.

In our opinion, defendant must first serve his felony-firearm sentence and, upon expiration of that sentence, his sentences for arson and felonious assault will run concurrently. Both Judges Warshawsky and McCauley had the option, pursuant to MCL 768.7b; MSA 28.1030(2), to impose

sentences consecutive or concurrent to the arson sentence. Judge Warshawsky exercised this option, and Judge McCauley did not.[1] However, Judge Warshawsky's decision to make the felony-firearm sentence consecutive with the arson sentence could not, and did not, limit Judge McCauley's power to make the sentence for felonious assault concurrent with the sentence for arson. The prosecution on appeal and Judge McCauley below are both misdirected in assuming that, by making the felony-firearm sentence consecutive with the arson sentence, the arson sentence must be served before the felony-firearm sentence. Unlike MCL 750.227b(2); MSA 28.424(2)(2), which specifically directs that the felony-firearm sentence will be consecutive with *and preceding* the sentence for the underlying felony, MCL 768.7b; MSA 28.1030(2) merely directs that the sentencing judge may, in his discretion, make two sentences run consecutively in some instances. This statute does not direct which of the two consecutive sentences must be served first.

Under the circumstances of this case, the felony-firearm sentence must be served consecutively with and prior to the arson sentence. The arson and felonious assault sentences will thereafter run concurrently. This serves to facilitate two important principles of sentencing: (1) that the judge who presided over the defendant's trial shall have the discretion and the authority to pass sentence upon that defendant,[2] MCL 769.1; MSA 28.1072,

---

[1] Judge Warshawsky's decision to make the felony-firearm and arson sentences consecutive will probably have little effect on the total time defendant serves in prison. If, however, the parole board determines that defendant is a bad risk, he could be held as long as 12 years, instead of 10 years which would be defendant's maximum time in prison had Judge Warshawsky not made the felony-firearm and arson sentences consecutive.

[2] This rule is subject to exceptions. For instance, if, on appeal,

and (2) that concurrent sentences are the norm. *People v Henry,* 107 Mich App 632, 635; 309 NW2d 922 (1981). In this case, to hold that all three sentences run consecutively would violate both of these principles of sentencing. First, it would allow a judge who did not preside over defendant's felonious assault trial to limit the sentencing options of the judge who actually did preside over that trial. Second, it would mandate that defendant's felonious assault sentence be consecutive to the arson sentence despite the fact that the judge who presided over the felonious assault trial specifically declined to impose a consecutive sentence for the felonious assault.

Affirmed except as to sentence. Defendant's felony-firearm sentence shall be served preceding and consecutively with the arson and felonious assault sentences. The arson and felonious assault sentences shall run concurrently. It is so ordered.

resentencing is ordered before a different judge or if the judge who presided over the defendant's trial is no longer available.