PEOPLE v KELSON

CRIMINAL LAW—EVIDENCE—FAILURE TO DISCLOSE EVIDENCE—GOOD
FAITH.
> An inability of the prosecution to produce evidence which is both
> favorable and material to a defendant does not require dis-
> missal of the charges against a defendant absent bad faith on
> the part of the prosecution; therefore, a trial court abused its
> discretion in dismissing a delivery of heroin charge against a
> defendant where the police had inadvertently destroyed the
> heroin held in evidence for trial.

Appeal from Recorders Court of Detroit, Robert
L. Evans, J. Submitted June 14, 1976, at Detroit.
(Docket No. 26303.) Decided September 28, 1976.

Birden Kelson was charged with delivery of
heroin. An order was entered dismissing the case.
The people appeal by leave granted. Reversed and
remanded.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Patricia J. Boyle,* Principal
Attorney, Research, Training and Appeals, and
*Robert M. Morgan,* Assistant Prosecuting Attor-
ney, for the people.

*Robert E. Slameka,* for defendant.

REFERENCES FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law § 225.
29 Am Jur 2d, Evidence §§ 175, 177.
Nonproduction of evidence by state to accused as violating due
process clause. 33 L Ed 2d 706.

Before: V. J. BRENNAN, P. J., and N. J. KAUFMAN and R. H. CAMPBELL,* JJ.

V. J. BRENNAN, P. J. Defendant Birden Kelson was charged with delivery of heroin contrary to MCLA 335.341(1)(a); MSA 18.1070(41)(1)(a), on May 29, 1973. Prior to trial the people discovered that the alleged heroin had been inadvertently destroyed by the police. On May 8, 1975, the date scheduled for trial, defendant made a motion to dismiss which was granted on May 12, 1975. This Court granted the people's application for a delayed appeal on December 12, 1975.

The circumstances surrounding the loss of the alleged heroin were as follows. Defendant was also charged with delivery of heroin in two other cases arising out of separate incidents, Recorder's Court No. 73-03801 and 73-03802, along with a co-defendant, David Vincent. One case, No. 73-03802, was tried on February 28, 1974. Defendant Birden Kelson was found not guilty. Defendant David Vincent was found guilty of delivery of heroin and sentenced to one year probation. Apparently the police department inadvertently destroyed the heroin that was to be used as evidence in the case at bar after defendant's acquittal in case No. 73-03802.

Prior to defendant's motion to dismiss, he had filed a pretrial motion for discovery. The record on appeal does not indicate that there was any further action taken on this motion. The trial court granted defendant's motion to dismiss in a written opinion. The trial court reasoned:

"The question before this Court is whether or not the destruction of such evidence against claim made by

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Defense counsel that he desires the production of such evidence for his own analysis is fatal to the People's interest.

"There is a long line of cases which suggest that the People need not produce the evidence, itself, in such circumstances. Those cases seem to hold that in the absence of proof of deliberate suppression of the evidence, that the People may proceed at trial with their secondary proof.

"The concept of suppression, however, in *People v Miller,* 51 Mich App 117, 120 [214 NW2d 566 (1974)], is said to include that of negligent destruction of property in police custody. Such destruction, though inadvertent, does place the Defendant in a position where he cannot in any way support his claim that the material seized in the alleged delivery was not heroin.

"This court distinguishes cases where the evidence destroyed would have been a circumstantial link from which guilt could be inferred, or evidence supportive or merely cumulative of other competent evidence, and the instant case where the very essence, the 'res', of the People's case the narcotics themselves, are destroyed."

On appeal, the people argue that the trial court abused its discretion by dismissing the delivery of heroin charge against defendant where the police inadvertently destroyed the heroin held in evidence for the trial. We agree.

This Court has held that absent bad faith, reversal of defendant's conviction is not required where the prosecution fails to disclose or produce evidence which is both favorable and material to the defendant. *People v Eddington,* 53 Mich App 200; 218 NW2d 831 (1974). We stated there where defense counsel moved to suppress expert testimony regarding certain glass particles found in defendant's shoes which could not be located or produced at trial:

"Under ordinary conditions, this evidence would fall

within the duty to disclose which due process imposes. However, absent a showing of bad faith, the due process clause does not require suppression of the expert's testimony. The government has the duty to preserve the evidence, and the burden to explain nonproduction; here, the burden was met. The prosecution made 'earnest efforts' to locate the evidence. No intent to suppress for bad-faith motives was shown. The sanction of exclusion does not attach. *United States v Augenblick, supra* [393 US 348; 89 S Ct 528; 21 L Ed 2d 537 (1969)]; *United States v Bryant, supra* [142 US App DC 132; 439 F2d 642 (1971)]. The trial court erred in ruling that due process and fundamental fairness required suppression of proffered testimony." 53 Mich App at 207 (footnote omitted). Accord, *People v Triplett,* 68 Mich App 531; 243 NW2d 665 (1976). See also *People v McCartney,* 60 Mich App 620, 625–627; 231 NW2d 472 (1975), *People v Bendix,* 58 Mich App 276; 227 NW2d 316 (1975).

We feel this analysis is equally applicable here and rule that dismissal of the case was improper. Further, we note that the people's expert was available for cross-examination by defense counsel and so could provide a means to test whether the substance obtained from defendant actually was heroin.

Nevertheless, this Court need not extend its analysis this far, as reversal is clearly mandated under *Eddington.*

Reversed and remanded for proceedings in conformity with this opinion.