## PEOPLE v TILL

Docket No. 52721. Submitted January 14, 1981, at Detroit.—Decided May 4, 1982. Leave to appeal applied for.

Samuel Till was convicted of two counts of first-degree felony murder. That conviction was reversed and a new trial was conducted. 406 Mich 641 (1979). At the new trial defendant was again convicted of two counts of first-degree felony murder, Recorder's Court of Detroit, Michael J. Connor, J. Defendant appeals, alleging several errors. *Held:*

1. Defendant was not brought to trial within 180 days after the reversal of his initial conviction. The prosecution has met its burden of showing that the delay was primarily attributable not to the prosecution but to the trial court's attempt to secure counsel for the defendant in compliance with the defendant's requests for particular counsel.

2. Statements made by alleged accomplices during the commission of the crime were properly admitted into evidence. There was sufficient testimony presented linking the defendant to the crime and to establish his participation and concert of action with the accomplices, other than the statements in question, to allow admission of the statements.

3. The prosecutor did not breach his duty to disclose to the

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 21A Am Jur 2d, Criminal Law §§ 857, 863.

[2] 21A Am Jur 2d, Criminal Law §§ 861, 872.

[3] 16 Am Jur 2d, Conspiracy § 46.

Am Jur 2d New Topic Service, Federal Rules of Evidence § 801.5.

Admissibility as against conspirator of extra-judicial declarations of coconspirator. 1 L Ed 2d 1780.

Necessity and sufficiency of independent evidence of conspiracy to allow admission of extrajudicial statements of coconspirators. 46 ALR3d 1148.

[4] 16 Am Jur 2d, Conspiracy § 42.

[5] 17 Am Jur 2d, Contempt § 29.

75 Am Jur 2d, Trial § 577.

[6] 40 Am Jur 2d, Homicide §§ 45, 46, 71, 72.

73 Am Jur 2d, Statutes § 347 *et seq.*

[7] 75 Am Jur 2d, Trial §§ 876, 877.

[8] 29 Am Jur 2d, Evidence §§ 276, 292.

52 Am Jur 2d, Lost and Destroyed Instruments §§ 4-6.

jury any grants of immunity, threats or inducements to a prosecution witness that were made to secure the witness's testimony.

4. Denial of admission into evidence of a guilty plea form containing the bargain made with the witness was not error.

5. The trial court did not err in denying the defendant's motion for a directed verdict of acquittal because there was ample evidence to support the defendant's conviction.

6. The Michigan Supreme Court decision abrogating the felony-murder doctrine which allowed the element of malice required for murder to be satisfied by the intent to commit the underlying felony does not apply retroactively to this case.

7. The trial court was not required to instruct the jury *sua sponte* on the lesser included offenses of kidnapping and extortion.

8. The inadvertent loss of a tape recording of a witness's statements to the police does not require reversal of the defendant's conviction. There was no evidence of bad faith or purposeful suppression of the evidence.

Affirmed.

1. CRIMINAL LAW — 180-DAY RULE — GOOD-FAITH ACTION.

A prosecutor is obligated to take good-faith action within 180 days on a case brought against a prison inmate; actual trial within 180 days is not required, and if the prosecutor has taken good-faith action jurisdiction over the case will not be lost unless the initial action is followed by inexcusable delay that evidences an intent not to bring the case to trial promptly (MCL 780.131; MSA 28.969[1]).

2. CRIMINAL LAW — SPEEDY TRIAL — 180-DAY RULE — BURDEN OF PROOF.

The burden is on the prosecution to show that a delay in bringing a case against a prisoner to trial has been caused by the defendant and that, therefore, the court has not lost jurisdiction over the case because of undue delay (MCL 780.131; MSA 28.969[1]).

3. CONSPIRACY — INDEPENDENT EVIDENCE — RULES OF EVIDENCE.

A conspiracy must be established by proof independent of statements made by the alleged co-conspirators; the order of proofs is unimportant, so that a co-conspirator's statement may be admitted into evidence contingent upon later production of the requisite independent evidence (MRE 801[d][2][E]).

4. Conspiracy — Evidence.

A conspiracy may be established by circumstantial evidence and inferences.

5. Criminal Law — Witnesses — Disclosure of Threats to Witness.

A defense demand for disclosure of information to the jury was necessary to trigger the prosecutor's or trial judge's duty to disclose a threat of contempt charges made to a witness in order to secure his testimony where defense counsel was fully aware of the threat.

6. Homicide — First-Degree Murder — Malice.

The decision abrogating the felony-murder doctrine which allowed the element of malice required for murder to be satisfied by the intent to commit the underlying felony was not given retroactive effect and applied only to trials in progress on, and those commencing after, November 24, 1980.

7. Criminal Law — Jury Instructions — Lesser Included Offenses.

A trial court may instruct a jury *sua sponte* on a lesser included offense of the crime charged if the evidence adduced at trial would warrant conviction of the lesser offense and the defendant has been given fair notice of the lesser included offense; however, the court is not required to do so unless the defendant is charged with first-degree murder, in which case the court is required to instruct the jury *sua sponte* only on the offense of second-degree murder.

8. Criminal Law — Evidence — Loss of Evidence.

The intentional destruction by a police officer of evidence favorable to a defendant may require reversal of the defendant's conviction, but reversal is not required where such evidence is lost through inadvertence and there is no showing of bad faith or purposeful suppression of the evidence.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Timothy A. Baughman,* Assistant Prosecuting Attorney, for the people.

*Chari Grove,* Assistant State Appellate Defender, for defendant on appeal.

Before: CYNAR, P.J., and M. J. KELLY and D. C. RILEY, JJ.

CYNAR, J. On July 25, 1975, defendant was convicted by a jury of two counts of first-degree felony murder, MCL 750.316; MSA 28.548, arising out of the deaths of Luther McCoy and Clifford Riley. On July 27, 1979, the Michigan Supreme Court reversed defendant's conviction and remanded for a new trial, 406 Mich 641; 281 NW2d 297 (1979). On May 14, 1980, defendant was again convicted of the two counts of first-degree felony murder in a jury trial in Detroit Recorder's Court. On May 16, 1980, defendant was sentenced to life imprisonment. Defendant appeals as of right.

I

Defendant first claims that the prosecution violated the 180-day rule, MCL 780.131; MSA 28.969(1), in that defendant was not brought to trial within 180 days after the reversal of defendant's initial conviction.

The Supreme Court reversed defendant's initial conviction on July 27, 1979. The record shows that at some time prior to February 18, 1979, defendant requested by letter that the trial court appoint one of two particular attorneys to represent defendant on retrial. The trial court attempted to comply with defendant's request but, after reviewing the case, both of the attorneys requested by defendant felt that they could not accept the case due to potential conflicts. The trial court then made further efforts to find suitable counsel for the defen-

dant, culminating in the appointment of an attorney on February 1, 1980. On that same date, a calendar conference was held at which a trial date of April 2, 1980, was established. At the hearing on defendant's motion to dismiss because of the alleged violation of the 180-day rule the trial court found that the rule had not been violated because any delay exceeding the 180-day period was occasioned by the trial court's efforts to comply with defendant's requests for particular counsel. At proceedings held on March 28, 1980, the trial date was changed to May 5 due to scheduling conflicts for both defense counsel and the trial court. It is apparent from the record that upon his appointment or shortly thereafter, defense counsel indicated a need for time in which to conduct discovery and prepare for trial. On the record before us, there appears to have been no undue delay occasioned by the prosecution.

The 180-day rule does not require that the trial be commenced within that period of time. Rather, the statute obligates the prosecutor to take good faith action on the case during the 180-day time period and to proceed promptly in readying the case for trial. *People v Castelli,* 370 Mich 147; 121 NW2d 438 (1963). If a prosecutor takes such good faith action, jurisdiction over the case will not be lost unless the initial action is followed by inexcusable delay that evidences an intent not to bring the case to trial promptly. *People v Hendershot,* 357 Mich 300; 98 NW2d 568 (1959); *People v Hegwood,* 109 Mich App 438; 311 NW2d 383 (1981). The *Hendershot* Court explained:

"If some preliminary step or action is taken, followed by inexcusable delay beyond the 180-day period and an evident intent not to bring the case to trial promptly,

the statute opens the door to a finding by the court that good-faith action was not commenced as contemplated by § 3, thus requiring dismissal." *Hendershot, supra,* 303-304.

Compliance with the rule has been excused where the defendant was responsible for the delay. *People v Pitsaroff,* 102 Mich App 226; 301 NW2d 858 (1980), *rev'd and remanded* 411 Mich 941 (1981) (with instructions to remand to the circuit court for the making of a testimonial record). However, the burden is on the prosecution to show that the delay was caused by the defendant. *Id.,* 229. In *Pitsaroff* the Court held that the prosecution had not met its burden of showing that the delay was attributable to the defendant by "mere reference" in the record to a proposed plea bargain which was never acted upon.

Finally, time expended by a prosecutor to pursue an interlocutory appeal from an order of a trial court has been held to be a legitimate reason for delay under a speedy trial analysis. *People v Missouri,* 100 Mich App 310; 299 NW2d 346 (1980).

In the case at bar, the prosecutor met his burden of showing that the delay was primarily attributable to the trial court's effort to find counsel willing to accept defendant's case.

## II

Defendant argues that the trial court erred in admitting evidence of a telephone call in which ransom money was demanded from Albert McCoy (brother of one of the victims) and a conversation between alleged accomplices Browning and Champion.

Citing *People v Trilck,* 374 Mich 118; 132 NW2d

134 (1965), and *People v Stewart*, 397 Mich 1, 15; 242 NW2d 760 (1976), *rev'd on other grounds on reh* 400 Mich 540; 256 NW2d 31 (1977), defendant maintains that the statements in question were inadmissible because there was no evidence independent of the statements which established a conspiracy.

The quantum of proof necessary to independently establish a conspiracy is the traditional standard of establishing a "prima facie case". Defendant asserts that the correct standard is proof by a preponderance of the evidence. However, this contention has recently been rejected by this Court. *People v Hamp*, 110 Mich App 92; 312 NW2d 175 (1981); *People v Losey*, 98 Mich App 189, 195; 296 NW2d 601 (1980). Further, the order of the presentation of the proofs is unimportant. A trial court may vary the order of proofs and admit a co-conspirator's statement contingent upon later production of the independent evidence required under MRE 801(d)(2)(E). *Losey, supra*, 197. *Cf. People v Scotts*, 80 Mich App 1, 7; 263 NW2d 272 (1977). Finally, the defendants need not actually be charged with conspiracy, as long as there is independent evidence of concert of action. *Stewart, supra, People v Shepherd*, 63 Mich App 316; 234 NW2d 502 (1975).

Additionally, it is well established that a conspiracy may be established by circumstantital evidence and inferences. *Scotts, supra.*

In *People v Champion*, 97 Mich App 25; 293 NW2d 715 (1980), *rev'd on other grounds* 411 Mich 468; 307 NW2d 681 (1981), the defendant was charged with first-degree murder on the theory that he had aided and abetted his friend, Steven

Massias, in a plot to kill Massias' ex-girlfriend. The testimony at trial revealed that Massias and defendant spent the evening before the murder together. Defendant obtained a shotgun and shells for Massias and drove the automobile from which Massias fired the fatal shots. Defendant asserted that he had no knowledge that Massias planned to murder his ex-girlfriend. However, this Court found a prima facie case of concert of action and permitted the admission into evidence of hearsay statements made during the events.

In the case at bar, there was testimony presented at trial that defendant was present at the house where the victims were held on the night of January 19, 1974. During the evening he observed two men bound and blindfolded, and stood guard over the victims to prevent their escape. He watched his companions torture the victims. He also listened to his companions telephone relatives of the victims and make ransom requests. These circumstances, acts and conduct of the parties are sufficient to establish concert of action and permit the admission into evidence of hearsay statements made during the events.

### III

Defendant next claims that the prosecutor breached his duty to disclose any grants of immunity or threats or inducements made to secure a witness's testimony by introducing false testimony and failing to correct inaccurate testimony concerning the bargains and threats used to obtain the testimony of witness Michael Champion.

We find these allegations to be without merit. Witness Champion testified that he had been

granted immunity from prosecution for any homicides in which he may have been involved. Testimony of a police officer, Lieutenant Gilbert Hill, showed that Champion had testified in two other homicide cases in addition to the case at bar, had agreed to testify in a number of homicide cases and had agreed to provide information on several people who were involved in various homicides. The jury was not misled nor was information concealed by this testimony. Defendant relies in part on the fact that a footnote in the case of *People v Till,* 80 Mich App 16, 20-21, fn 3; 263 NW2d 586 (1977), indicates that Champion was granted immunity in five homicide cases. It appears likely that some of those cases may have involved the same murder victims. As the prosecution points out, the number of "cases" does not necessarily reflect the number of homicides. Even if it is true that Champion was formally granted immunity in five distinct homicides, we do not think any breach of the duty of disclosure has occurred.

Defendant also complains that the prosecutor elicited false testimony from witness Champion whereby he denied that any threats were made to induce his testimony at the instant trial. Prior to the instant trial, Champion decided not to testify but was informed that, since he had been granted immunity, he could be subject to a one-year consecutive sentence for contempt. Champion ultimately decided to testify.

The prosecutor contends that he was asking Champion whether, when he was contacted by the authorities while in jail about testifying at the second trial, any threats or promises were made by

the authorities in exchange for his testimony, and that Champion therefore answered accurately.

The prosecutor's questions were ambiguous at best. However, since defense counsel was fully aware of the contempt "threat", as was the trial court, we conclude that a defense demand was necessary to trigger the prosecutor's or the trial court's duty to disclose the information to the jury. *People v Tillman*, 85 Mich App 425; 271 NW2d 261 (1978).

Defendant also claims that it was error for the trial court to deny admission into evidence of a guilty plea form. We see no error in the trial court's ruling on the form. Defendant was not prevented from establishing the content of the form by other means, and no need for the actual introduction of the form into evidence has been demonstrated. The trial court properly ruled the form to be inadmissible as extrinsic evidence on a collateral matter.

## IV

There is no merit to defendant's claim that the trial court erred by denying defendant's motion for a directed verdict of acquittal. Our review of the record shows that there was ample evidence to support defendant's conviction. In particular, we note that at the time of trial the common-law felony-murder doctrine which allowed the element of malice required for murder to be satisfied by the intent to commit the underlying felony was still viable. That doctrine was abrogated by the Supreme Court in *People v Aaron*, 409 Mich 672; 299 NW2d 304 (1980). The decision in *Aaron* stated that the case was not to be given retroactive effect,

but that it would apply only to trials in progress and those commencing after the release date of *Aaron,* which date was November 24, 1980. *Aaron,* therefore, does not apply to the case at bar.

We also reject defendant's argument that the aiding and abetting instruction given in the instant case was erroneous. That argument rests on the premise that *Aaron*-type malice is an element of the crime in the instant case but, since *Aaron* does not apply, the argument fails.

## V

Defendant argues that the trial court erred by failing to instruct *sua sponte* on the included offenses of kidnapping and extortion and thereby limiting the choice of guilty verdicts to first- or second-degree murder. However, defendant admits that no specific defense request was made to list the lesser offenses in question among the permissible verdicts.

A trial judge *may* instruct *sua sponte* on a lesser included offense if the evidence adduced at trial would warrant conviction of the lesser offense and defendant has been afforded fair notice of the lesser included offense. *People v Chamblis,* 395 Mich 408, 415; 236 NW2d 473 (1975). Nevertheless, he is not required to do so unless the defendant is charged with first-degree murder. *People v Jenkins,* 395 Mich 440; 236 NW2d 503 (1975); *People v Till,* 411 Mich 982; 308 NW2d 110 (1981). Moreover, even in trials for first-degree murder the court is required to instruct the jury *sua sponte* only on the included offense of second-degree murder. *Jenkins, supra,* 442.

Accordingly, the trial court did not err in failing

to give instructions *sua sponte* on the lesser included offenses of kidnapping and extortion.

## VI

There is no merit to defendant's contention that he is entitled to reversal because of the failure of the prosecution to produce a tape recording of statements made by witness Champion to police. The record shows that the tape in question was lost at least three years prior to trial. The tape was not available at the time the discovery order in question was entered, and therefore the prosecution is not guilty of a direct violation of the order.

It is true that the intentional destruction of evidence favorable to a defendant by a police officer may require reversal of a defendant's conviction. *People v Albert,* 89 Mich App 350; 280 NW2d 523 (1979).

There is no evidence of bad faith or purposeful suppression in the instant case, and reversal is therefore not required. *People v Kelson,* 71 Mich App 410; 248 NW2d 564 (1976). It appears from the testimony at trial that the tape was lost through inadvertence. We note also that defendant's reference to *People v Browning,* 104 Mich App 741; 306 NW2d 326 (1981), may deal with the same tape at issue in the instant case. Although its importance may have "been recognized" in that case as defendant claims, we note that the absence of the tape was ultimately determined not to be grounds for reversal. *People v Browning (On Rehearing),* 108 Mich App 281, 305; 310 NW2d 365 (1981).

Affirmed.