PEOPLE v WOODARD

Docket No. 61548. Submitted January 12, 1983, at Lansing.—Decided
    May 4, 1983. Leave to appeal applied for.

Craig Woodard was convicted by a jury in Oakland Circuit Court,
    Gene Schnelz, J., of having committed armed robbery and
    breaking and entering an occupied dwelling with intent to
    commit larceny therein. He appeals. *Held:*

1. Defendant's contention that the trial court lost jurisdiction
over him because trial was not commenced within 180 days
after he was sentenced on an unrelated conviction is rejected.
The record does not support a conclusion that the delay which
occurred beyond the 180-day period was attributable to the
prosecutor or that an intent not to bring the case promptly to
trial was shown.

2. The complainant's identification of defendant at trial
should not have been permitted. A confrontation between the
complainant and defendant which occurred during the prelimi-
nary examination was unduly suggestive and the prosecutor
failed to satisfy his burden of proving that the complainant's
identification of defendant at trial had an independent basis.
The admission of the complainant's identification at trial re-
quires reversal.

3. Defendant's contention that the trial court erred in refus-
ing to appoint an expert witness on fingerprint evidence is
rejected. No abuse of discretion is shown in the trial court's
refusal to grant defendant's request.

Reversed and remanded.

Cynar, J., dissented. He would remand for a *Wade* hearing
on whether the victim's in-court identification of defendant had
a basis independent of the prior, constitutionally infirm, identi-
fication. He would instruct the trial court that a new trial must

References for Points in Headnotes

[1] 21A Am Jur 2d, Criminal Law §§ 850, 860, 863.
[2, 3] 21 Am Jur 2d, Criminal Law § 411 *et seq.*
    29 Am Jur 2d, Evidence §§ 371, 372.
    Admissibility of evidence as to extrajudicial or pretrial identifica-
    tion of accused. 71 ALR2d 449.

be held unless the trial court determined that the in-court identification of defendant had a basis independent of the victim's unduly suggestive preliminary examination identification.

### OPINION OF THE COURT

1. CRIMINAL LAW — 180-DAY RULE — GOOD-FAITH ACTION.

A prosecutor is obligated to take good-faith action within 180 days on a case brought against a prison inmate; actual trial within 180 days is not required, and if the prosecutor has taken good-faith action jurisdiction over the case will not be lost unless the initial action is followed by inexcusable delay that evidences an intent not to bring the case to trial promptly (MCL 780.131; MSA 28.969[1]).

2. CRIMINAL LAW — EVIDENCE — IN-COURT IDENTIFICATION — SUGGESTIVE CONFRONTATION.

It was error for a trial court to allow a complainant's identification of a defendant at trial where an unduly suggestive confrontation occurred between the complainant and the defendant at the preliminary examination and the prosecuting attorney failed to satisfy his burden of proving that the complainant's identification of the defendant at trial had an independent basis.

### DISSENT BY CYNAR, J.

3. CRIMINAL LAW — EVIDENCE — IN-COURT IDENTIFICATION.

*Reversal of a defendant's conviction is not necessary where a trial court erred in allowing a complainant's identification of the defendant at trial because an unduly suggestive confrontation occurred between the complainant and the defendant at the preliminary examination and because the prosecuting attorney failed to satisfy his burden of proving that the complainant's identification of the defendant at trial had an independent basis; rather, it would be better to remand for a hearing on whether the victim's in-court identification of the defendant had a basis independent of the prior, constitutionally infirm, identification, with instructions to the trial court that a new trial must be held if an independent basis for the in-court identification could not be found.*

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief

Appellate Counsel, and *Richard H. Browne,* Assistant Prosecuting Attorney, for the people.

*Barbara J. Safran,* for defendant on appeal.

Before: D. E. HOLBROOK, JR., P.J., and CYNAR and H. W. MOES,* JJ.

PER CURIAM. On July 30, 1981, defendant was convicted of armed robbery, MCL 750.529; MSA 28.797, and breaking and entering an occupied dwelling with intent to commit larceny therein, MCL 750.110; MSA 28.305, following a jury trial. Defendant appeals his conviction as of right.

Defendant was arrested on January 16, 1980. At that time there were also charges pending against him in Detroit Recorder's Court. His preliminary examination on the charges in the present action was originally scheduled for February 27, 1980. However, on that date he was on trial for the Recorder's Court charges. He was convicted of the Recorder's Court charges on that same date and sentenced on March 5, 1980, to life imprisonment. Thereafter, he was transferred to the custody of the Department of Corrections and incarcerated at the Marquette Branch Prison. That transfer resulted in a further delay in conducting defendant's preliminary examination on the charges in this case. Defendant's preliminary examination on the present charges finally commenced on May 21, 1980. Following the preliminary examination, he was bound over to Oakland County Circuit Court. The prosecutor filed the information in circuit court on June 26, 1980. Trial did not commence until July 28, 1981. Defendant contends that the trial court lost jurisdiction over him since trial

_____

* Circuit judge, sitting on the Court of Appeals by assignment.

was not commenced within 180 days after he was sentenced in Recorder's Court.

Defendant relies on MCL 780.131; MSA 28.969(1), which provides in part:

"Sec. 1. Whenever the department of corrections shall receive notice that there is pending in this state any untried warrant, indictment, information or complaint setting forth against any inmate of a penal institution of this state a criminal offense for which a prison sentence might be imposed upon conviction, such inmate shall be brought to trial within 180 days after the department of corrections shall cause to be delivered to the prosecuting attorney of the county in which such warrant, indictment, information or complaint is pending written notice of the place of imprisonment of such inmate and a request for final disposition of such warrant, indictment, information or complaint."

The 180-day rule does not require the trial to be commenced within 180 days. Rather, it obligates the prosecutor to take good-faith action during the 180-day time period and, thereafter, to proceed promptly to ready the case for trial. *People v Till,* 115 Mich App 788, 792; 323 NW2d 14 (1982). If a preliminary step is taken within the 180-day period, but is followed by an inexcusable delay beyond the 180-day period which evidences an intent not to bring the case to trial promptly, the Court may find that good-faith action was not taken. *People v Hendershot,* 357 Mich 300, 303-304; 98 NW2d 568 (1959).

In the present case, the prosecutor commenced proceedings within 180 days after March 5, 1980, the date defendant was sentenced in Recorder's Court. Therefore, we review to determine whether the period of delay which occurred thereafter establishes an intent on the part of the prosecutor not to bring the case to trial promptly.

It appears that on July 8, 1980, defense counsel filed a motion to adjourn trial so that he could go on vacation. The motion hearing was scheduled for August 8, 1980. However, defense counsel failed to appear on that date, whereupon the trial court rescheduled it for August 15, 1980. When defense counsel again failed to appear, the trial court appointed a new attorney for defendant. Subsequently, defendant's original attorney appeared and claimed that he had not been notified of the hearing dates. The court then reappointed him to represent defendant. A pretrial was scheduled for September 8, 1980. At the pretrial, defendant filed a motion for the appointment of an expert witness to conduct a fingerprint examination. Following the pretrial, trial was rescheduled for November 21, 1980. Shortly before that date, defendant moved to set the case over to the 1981 term because a transcript of the preliminary examination had not been prepared. On February 9, 1981, defendant's codefendant requested an adjournment for the appointment of a new attorney. The case was rescheduled for April 13, 1981. Defendant did not object to the adjournment nor did he move for a separate trial. It appears that defendant's codefendant left the jurisdiction prior to the date trial was scheduled to begin. It appears that that action resulted in a further delay. Thereafter, defendant made various other pretrial motions and finally moved for the dismissal of these charges on the basis of the 180-day rule. The latter motion was heard June 24, 1981. The trial court denied the motion.

In our opinion, the record does not support a conclusion that the delay which occurred beyond the 180-day period was attributable to the prosecutor or that an intent not to bring the case

promptly to trial was shown. Almost all of the delay was occasioned by pretrial motions made by defendant and by the actions of defendant's codefendant. See *People v Johnson,* 115 Mich App 630, 634; 321 NW2d 752 (1982).

We agree with defendant that under the standards set forth in *People v Kachar,* 400 Mich 78, 95-96; 252 NW2d 807 (1977), the complainant's identification of defendant at trial should not have been permitted. Prior to the preliminary examination, a lineup was conducted to identify another participant in the robbery. Defendant was also a participant in that lineup. Although the complainant identified the other participant, he failed to identify defendant. Thereafter, defendant's attorney requested that a lineup be conducted for the purpose of determining whether the complainant could identify defendant. The prosecutor informed defense counsel that a lineup was unnecessary since the complainant had informed him that he could not identify defendant and that the only evidence of identification would be fingerprint evidence. It is conceded that the confrontation which occurred during the preliminary examination was unduly suggestive. Furthermore, at trial the complainant admitted that he only had fleeting glimpses of defendant at the time of the robbery. In addition, the complainant stated that, even with defendant sitting at counsel table, he was not positive of identification, but that defendant looked very, very, very much like the man in his apartment. The complainant also admitted that the fact that defendant was sitting at defense table during preliminary examination had a bearing upon his ability to identify defendant at trial. None of the *Kachar* factors favors a finding that an independent basis exists for the complainant's identifica-

tion of defendant at trial. Furthermore, the officer who investigated the crime testified that the complainant told him that he could not identify defendant and that the complainant was unable to give a description of defendant's physical characteristics. The prosecution has failed to satisfy its burden of proving that the complainant's identification of defendant at trial had an independent basis. *People v Leverette,* 112 Mich App 142, 153-155; 315 NW2d 876 (1982).

The error cannot be deemed harmless. The only direct evidence of defendant's participation in the crime was the identification by the complainant. Although evidence of defendant's participation would have been sufficient in the absence of that testimony, we cannot state that there is no reasonable possibility that the erroneously admitted evidence contributed to the verdict. See *Leverette, supra,* p 155, fn 7.

This Court does not believe that to remand this case for an evidentiary hearing would be of value. The record adequately reflects the complainant's identification processes at both preliminary examination and trial. Further elaboration would be valueless. The admission of the complainant's identification at trial requires reversal.

We reject defendant's final claim concerning the appointment of an expert witness on the issue of fingerprint evidence. No abuse of discretion is shown in the trial court's refusal to grant defendant's request. *People v Thornton,* 80 Mich App 746, 752; 265 NW2d 35 (1978).

Reversed and remanded.

CYNAR, J. *(dissenting).* Rather than reversing I would remand this case for a *Wade*[1] hearing on

---

[1] *United States v Wade,* 388 US 218; 87 S Ct 1926; 18 L Ed 2d 1149 (1967).

whether the victim's in-court identification of defendant had a basis independent of the prior, constitutionally infirm identification. Doing so would best protect against the grave danger of irreparable misidentification as enunciated in *People v Anderson,* 389 Mich 155; 205 NW2d 461 (1973). I would instruct the trial court that a new trial must be held unless the trial court determines that the in-court identification of defendant had a basis independent of the victim's unduly suggestive preliminary examination identification.