## PEOPLE v BRADSHAW

Docket No. 95183. Submitted September 8, 1987, at Detroit. Decided October 6, 1987.

Anthony Bradshaw was charged in Oakland Circuit Court with larceny in a building, possession of a firearm during the commission of a felony and carrying a concealed weapon. Defendant moved to quash the felony-firearm count on the basis that it constituted double jeopardy to be charged with both carrying a concealed weapon and felony-firearm. The trial court, Fred M. Mester, J., granted the motion. The prosecution sought an interlocutory appeal, which was granted by the Court of Appeals on November 14, 1984. Two days after leave to appeal was granted, defendant was sentenced to a prison term on an unrelated charge in Genesee Circuit Court. On August 22, 1985, the Court of Appeals reversed the decision of the trial court, but certified the question to the Supreme Court. Unpublished opinion per curiam of the Court of Appeals, decided August 22, 1985 (Docket No. 80335). On December 4, 1985, the Supreme Court declined to consider the case. 424 Mich 1201 (1985). Trial was thereafter scheduled for April 24, 1985. On April 16, 1985, defendant moved to dismiss the charges on the basis of the failure of the prosecutor to comply with the 180-day rule. The trial court denied the motion. Defendant thereafter pled guilty to the three charged crimes. Defendant appealed.

The Court of Appeals *held:*

1. The time chargeable to the prosecutor under the 180-day rule did not begin to run until the Supreme Court declined to hear the case, since the prosecutor was making good faith efforts to bring the defendant to trial. Since defendant was scheduled for trial within 180 days of the Supreme Court's order, there was no violation of the 180-day rule.

2. The Legislature clearly intended that both a carrying a

REFERENCES

Am Jur 2d, Criminal Law §§ 849 *et seq.*

Am Jur 2d, Weapons and Firearms §§ 7 *et seq.*

Receipt, possession, or transportation of multiple firearms as single or multiple offense under 18 USCS Appx Sec. 1202(a)(1), making it federal offense for convicted felon to receive, possess, or transport any firearms. 62 ALR Fed 829.

concealed weapon conviction and a felony-firearm conviction could be had even though both convictions arose out of the same criminal event.

Affirmed.

1. CRIMINAL LAW — 180-DAY RULE — GOOD-FAITH ACTION — INTER-
   LOCUTORY APPEALS.

A prosecutor is obligated to take good-faith action within 180 days on a case brought against a prison inmate; actual trial within 180 days is not required; if the prosecutor has taken good-faith action, jurisdiction over the case will not be lost unless the initial action is followed by inexcusable delay that evidences an intent not to bring the case to trial promptly; the time which elapses while the prosecutor is actively pursuing an interlocutory appeal in the Court of Appeals or Supreme Court of a trial court order dismissing certain charges should not be included in any computation to determine whether the 180-day rule has been violated (MCL 780.131; MSA 28.969[1]).

2. CRIMINAL LAW — FELONY-FIREARM — CONCEALED WEAPONS —
   MULTIPLE CONVICTIONS.

The Legislature intended that one could be convicted of both carrying a concealed weapon and possession of a firearm during a felony even though both convictions arose out of the same criminal episode.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief, Appellate Division, and *Graham K. Crabtree,* Assistant Prosecuting Attorney, for the people.

*Peter Moray* and *Craig A. Daly,* for defendant on appeal.

Before: GRIBBS, P.J., and J. H. GILLIS and HOOD, JJ.

PER CURIAM. Defendant pled guilty to larceny in a building, MCL 750.360; MSA 28.592, possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2), and carrying a concealed weapon, MCL 750.227; MSA 28.424. De-

fendant was sentenced to concurrent sentences of six months to four years imprisonment for the larceny count, six months to five years for the concealed weapon count, and the mandatory two-year consecutive sentence for the felony-firearm count and appeals as of right. We affirm.

The charges arose out of an incident which occurred June 18, 1982, when defendant entered a K mart store in Southfield, removed his shoes and put on a pair of K mart tennis shoes, placed a bottle of wine in his pants, and left the store. A security guard stopped defendant and took him to the guard's office. The guard instructed defendant to empty his pockets, and defendant removed from his pants a pistol wrapped in a handkerchief.

Defendant's first issue on appeal is that the 180-day rule, MCL 780.131; MSA 28.969(1), was violated, requiring that his convictions be reversed. In order to properly analyze this issue, an understanding of the procedural history of defendant's case is necessary. On June 19, 1982, a warrant charging defendant with the offenses was issued. The preliminary examination was held on July 21, 1982, and defendant was bound over for trial. On February 2, 1984, defendant filed a motion to quash the felony-firearm count on the ground that being charged with both felony-firearm and carrying a concealed weapon violated the prohibition against double jeopardy. The motion was heard on April 4, 1984, at which time the court ordered the prosecutor to dismiss either the felony-firearm or concealed weapon count. On April 19, 1984, the prosecutor filed an amended information charging defendant only with larceny and felony-firearm. On September 6, 1984, the prosecutor filed in this Court a delayed application for leave to appeal the trial court's decision. This Court granted the application on November 14, 1984, and the prosecutor

filed a claim of appeal on December 14, 1984. On November 16, 1984, defendant was sentenced to eight to twelve years imprisonment in Genesee County for criminal sexual conduct. On February 12, 1985, the prosecutor and defense attorney stipulated to postpone trial in the instant case until this Court issued its decision on the prosecutor's appeal; an order to this effect was entered on February 20, 1985. On August 22, 1985, this Court reversed the trial court, holding that defendant could be charged with all three crimes even though they arose out of the same occurrence. *People v Bradshaw,* unpublished opinion per curiam of the Court of Appeals, decided August 22, 1985 (Docket No. 80335). This Court certified the case to the Michigan Supreme Court, as it conflicted with *People v Carter,* 96 Mich App 694; 293 NW2d 681 (1980), lv den 410 Mich 872 (1980). On December 4, 1985, the Supreme Court declined to consider the case because defendant had not appealed this Court's decision, and because the identical issue was already before the Court. 424 Mich 1201 (1985).

On April 16, 1986, defendant filed in the trial court a motion to dismiss on the ground that the 180-day rule had been violated. The trial court denied the motion on April 23, 1986, and defendant pled guilty to all three offenses on April 29, 1986.

The 180-day rule, MCL 780.131; MSA 28.969(1), states in pertinent part:

> Whenever the department of corrections shall receive notice that there is pending in this state any untried warrant, indictment, information or complaint setting forth against any inmate of a penal institution of this state a criminal offense for which a prison sentence might be imposed upon conviction, such inmate shall be brought to

trial within 180 days after the department of corrections shall cause to be delivered to the prosecuting attorney of the county in which such warrant, indictment, information or complaint is pending written notice of the place of imprisonment of such inmate and a request for final disposition of such warrant, indictment, information or complaint.

In his motion to dismiss, defendant argued that the eighty-eight days between his incarceration in Genesee County, November 7, 1984,[1] and the stipulation to postpone trial, February 12, 1985, and the 245 days between this Court's decision, August 22, 1985, and his scheduled trial date, April 24, 1986, totalling 333 days, were attributable to the prosecutor and exceeded the 180-day requirement. In the alternative, defendant argued that the second period of delay began December 4, 1985, the date the Supreme Court declined to consider the case, a period of 141 days which, when added to the eighty-eight days, totalled 229 days. The trial court disagreed that the prosecutor should be charged with all those days and, instead, held that the prosecutor was only chargeable with 169 days—twenty-eight days between defendant's sentencing date on the Genesee conviction, November 16, 1984, and the date the prosecutor filed a claim of appeal after this Court granted leave, December 14, 1984, and 141 days between the date the Supreme Court declined to hear the case and the trial date. On appeal, defendant argues that the trial court erred in holding that the entire period between his sentencing in Genesee County and the stipulation to postpone the trial was not chargeable to the prosecutor. We disagree.

[1] In his written motion, defendant stated that his first day of incarceration was November 7, 1984. At the hearing on the motion, however, he acknowledged that it was November 16, 1984.

The 180-day rule does not require that the trial be commenced within that period of time. Rather, the statute obligates the prosecutor to take good faith action on the case during the 180-day time period and to proceed promptly in readying the case for trial. If a prosecutor takes such good faith action, jurisdiction over the case will not be lost unless the initial action is followed by inexcusable delay that evidences an intent not to bring the case to trial promptly. *People v Till,* 115 Mich App 788, 792; 323 NW2d 14 (1982), lv den 417 Mich 929 (1983). This Court has held that time expended by a prosecutor to pursue an interlocutory appeal from an order of a trial court is not chargeable to the prosecutor. *Till, supra,* 793. We feel that the time in which this case was before this Court and the Supreme Court should not be included in the computation of the time of delay in determining whether the 180-day rule was violated. During this time, the prosecutor was still using good faith in bringing defendant to trial. The prosecutor was appealing an erroneous ruling by the trial court regarding which charges could be brought against defendant. Clearly, the prosecutor could not bring defendant to trial before knowing upon which charges defendant would be tried. The time chargeable to the prosecutor did not begin to run until the Supreme Court declined to hear the case, on December 4, 1985. Defendant's trial date was set for April 24, 1986, well within 180 days. Thus, the trial court was correct in its computation of delay attributable to the prosecutor. The 180-day rule was not violated.

Defendant also claims that his convictions for both felony-firearm and carrying a concealed weapon are precluded by the federal and state prohibitions against double jeopardy. This argument has recently been rejected in *People v Stur-*

*gis,* 427 Mich 392; 397 NW2d 783 (1986), where the Court held that the Legislature intended that both a concealed weapon conviction and a felony-firearm conviction could arise out of the same criminal episode.

Affirmed.