## PEOPLE v HATFIELD

Docket No. 103445. Submitted November 1, 1988, at Lansing. Decided June 5, 1989. Leave to appeal denied, 433 Mich —.

Daniel Hatfield was convicted of two counts of assaulting and obstructing a police officer in lawful performance of his duty and one count of wilful and malicious destruction of police property following a jury trial in Bay Circuit Court, Eugene C. Penzien, J. Defendant was subsequently convicted of being a habitual offender, third offense, and was sentenced as a habitual offender. On appeal, the Court of Appeals, in an unpublished opinion per curiam, decided June 26, 1986 (Docket No. 83274), reversed the conviction for wilful and malicious destruction of police property but affirmed the convictions for assaulting and obstructing a police officer. Defendant was convicted on the wilful and malicious destruction of police property charge following a retrial before a jury. Defendant was not retried on the habitual offender charge and, on the basis of the prior habitual-offender proceeding, was sentenced as a habitual offender to a prison term of sixty-four to ninety-six months. Defendant appealed.

The Court of Appeals held:

1. Defendant did not seek further appellate review of this Court's determination in the first appeal that the trial court did not err in allowing the use of evidence of his prior convictions for impeachment purposes. The doctrine of law of the case therefore precludes defendant from raising the claim anew.

2. The prosecution made a good-faith effort to retry defendant within 180 days of the date this Court returned the record of this case to the trial court at the conclusion of proceedings in the first appeal. Any delay beyond the 180-day period within

REFERENCES

Am Jur 2d, Criminal Law §§ 857, 858; Habitual Criminals and Subsequent Offenders §§ 29, 31, 32.

Propriety, under statute enhancing punishment for second or subsequent offense, of restricting new trial to issue of status as habitual criminal. 79 ALR2d 826.

which, by statute, the prosecution must initiate criminal proceedings on an outstanding charge against a prison inmate such as defendant was excusable in this case. Accordingly, no violation of the 180-day rule occurred in this case.

3. Where, as here, a defendant is convicted as a habitual offender and his conviction on the substantive charge is reversed on appeal, the defendant must be retried on both the substantive and habitual-offender charges in order to sentence him as a habitual offender following a reconviction on the underlying charge. Defendant's sentence as a habitual offender is reversed. On remand, the trial court shall either sentence defendant on the underlying, unsupplemented conviction or defendant shall be retried on the habitual-offender charge and thereafter resentenced in accordance with the outcome of that trial.

Reversed and remanded.

1. CRIMINAL LAW — SPEEDY TRIAL — INMATES — 180-DAY RULE.

A prosecutor is obligated to take good-faith action within 180 days on a case brought against a prison inmate; actual trial within 180 days is not required; if the prosecutor has taken good-faith action, jurisdiction over the case will not be lost unless the initial action is followed by inexcusable delay that evidences an intent not to bring the case to trial promptly (MCL 780.131; MSA 28.969[1]).

2. CRIMINAL LAW — HABITUAL OFFENDERS — APPEAL — RETRIAL.

A habitual-offender conviction cannot be obtained without first obtaining a conviction on the underlying offense; accordingly, where a defendant is convicted as a habitual offender and his conviction on the substantive charge is reversed on appeal, the defendant must be retried on both the substantive and habitual-offender charges in order to sentence him as a habitual offender following reconviction on the underlying charge.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *George B. Mullison,* Prosecuting Attorney, and *Martha G. Mettee,* Assistant Prosecuting Attorney, for the people.

*Allsopp, Fitzgerald & Kolka, P.C.* (by *Arthur M. Fitzgerald*), for defendant.

Before: Sawyer, P.J., and Beasley and A. L. Gilbert,* JJ.

Sawyer, P.J. Defendant was convicted, following a jury trial, of wilful and malicious destruction of police property. MCL 750.377b; MSA 28.609(2). Defendant had been previously convicted of being a third-felony offender. MCL 769.11; MSA 28.1083. He was thereafter sentenced to serve sixty-four to ninety-six months in prison. Defendant's conviction arises following his second trial on this offense, his initial conviction having been reversed by this Court in an unpublished opinion per curiam, decided June 26, 1986 (Docket No. 83274). Defendant again appeals and we reverse in part.

Defendant first argues that the trial court erred in allowing the use of his prior convictions for impeachment purposes. This Court, however, determined in the first appeal that use of the prior convictions was permissible. Since defendant did not seek further appellate review of that determination, the doctrine of the law of the case precludes him from relitigating the issue now. *CAF Investment Co v Saginaw Twp,* 410 Mich 428, 454; 302 NW2d 164 (1981).

Subsequent to the submission of this case at oral argument, we granted defendant's request to file a supplemental brief. In that brief defendant raises two additional issues. First, defendant argues that the prosecutor failed to bring defendant to trial within 180 days after we reversed his conviction, in violation of the so-called 180-day rule. See MCL 780.131; MSA 28.969(1). We disagree.

As this Court explained in *People v Bradshaw,* 163 Mich App 500, 505; 415 NW2d 259 (1987), the 180-day rule does not require that a defendant be

* Circuit judge, sitting on the Court of Appeals by assignment.

brought to trial within 180 days, but only that the prosecutor make a good-faith effort to do so:

> The 180-day rule does not require that the trial be commenced within that period of time. Rather, the statute obligates the prosecutor to take good faith action on the case during the 180-day time period and to proceed promptly in readying the case for trial. If a prosecutor takes such good faith action, jurisdiction over the case will not be lost unless the initial action is followed by inexcusable delay that evidences an intent not to bring the case to trial promptly. *People v Till,* 115 Mich App 788, 792; 323 NW2d 14 (1982), lv den 417 Mich 929 (1983).

Turning to the case at bar, we must first determine when the 180-day period began running. Defendant argues that the 180 days should run from August 15, 1986, the date this Court entered its order denying the prosecutor's motion for rehearing of our opinion. Defendant further claims that there was no explanation for the twenty-six days which passed from the August 15 denial of rehearing until September 10, 1986, when we remanded the case and remitted the record to the trial court. Defendant's argument is without merit.

Initially, there is a clear explanation for the "delay" in remitting the record to the trial court. MCR 7.210(I) provides that this Court must promptly return the lower court record, along with a certified copy of our opinion, to the trial court after the time has passed for the timely filing of an application for leave to appeal to the Supreme Court.[1] A party has twenty-one days after the denial of a timely filed motion for rehearing to file a timely application for leave. MCR 7.302(C)(2)(c). Thus, in the instant case, the parties had until the

---

[1] Provided that no such application has been filed.

close of business on Friday, September 5, 1986, to file an application for leave. Accordingly, the earliest this Court could have returned the lower court record under the court rules was Monday, September 8, 1986. We believe that this Court was "prompt," as required by the court rule, in returning the record two days later, on September 10, 1986. Therefore, we believe that the appropriate date to begin the calculation of the 180-day period is September 10, 1986, the date this Court returned the case to the circuit court under MCR 7.210(I).

Trial was, in fact, scheduled to commence on Friday, March 6, 1987, or 177 days after September 10, 1986. That trial date was adjourned at the request of defense counsel. The stated reason was that defense counsel was scheduled to be in trial in federal court beginning on Monday, March 9, 1987. In addition to the possibility that the federal trial would begin before the trial in this case concluded,[2] defense counsel indicated that he could not properly prepare for both trials in time. Moreover, defendant specifically agreed on the record to the adjournment and waived his speedy-trial rights. Furthermore, the record reflects that the trial date had been cleared with defense counsel before his appointment. Finally, we note that the attorney appointed to represent defendant at the second trial was the same attorney who represented defendant in the prior appeal; thus, defense counsel was familiar with the case.

For the above reasons, we conclude that the prosecutor made a good-faith effort to bring defendant to trial within 180 days and that any delay after March 6, 1987, is excusable. The provisions of MCL 780.131; MSA 28.969(1) were not violated.

---

[2] In fact, the retrial proved to be a two-day jury trial.

Next, defendant argues that the trial court erred in not retrying him on the habitual-offender charge. Rather than retrying defendant on the habitual-offender charge, the trial court concluded that a new trial was unnecessary since this Court had left undisturbed defendant's habitual-offender conviction following the first trial. We disagree.

This issue appears to be one of first impression. We believe, however, that the issue may be resolved by looking to the nature of the habitual-offender charge. Habitual-offender charges are not separate offenses, but serve to augment and increase the punishment for second and subsequent convictions. *People v Walters,* 109 Mich App 734, 739; 311 NW2d 461 (1981), rev'd on other grounds 412 Mich 879; 313 NW2d 283 (1981); *People v Staples,* 100 Mich App 19, 21-22; 299 NW2d 1 (1980). Indeed, the statute itself refers to the filing of a "supplemental" information. MCL 769.13; MSA 28.1085. Simply put, a habitual-offender conviction cannot be obtained without first obtaining a conviction on the underlying offense.

If the existence of a habitual-offender conviction rests on the existence of a conviction on a substantive offense, it necessarily follows that if the conviction on the substantive charge no longer exists, neither does the habitual-offender conviction. That is, since a habitual-offender conviction cannot exist on its own, once the conviction on the underlying offense is invalidated, the conviction on the corresponding habitual-offender charge is also, of necessity, invalidated.

Accordingly, we hold that where a defendant is convicted as a habitual offender and his conviction on the substantive charge is reversed on appeal, the defendant must be retried on both the substantive and habitual-offender charges in order to sentence him as a habitual offender following a recon-

viction on the underlying charge. Therefore, we reverse defendant's sentence as a habitual offender. On remand, the trial court shall either sentence defendant on the underlying, unsupplemented conviction or defendant shall be retried on the habitual-offender charge and thereafter resentenced in accordance with the outcome of that trial.[3]

Finally, as for the arguments raised by defendant in his original brief related to sentencing, in light of our reversal of defendant's sentence as a habitual offender, we need not consider those arguments.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

---

[3] Defendant and the prosecutor may also, of course, negotiate a plea on the habitual-offender charge.